## BRADLEY v. REDMOND ET AL.

1. **Practice in the Supreme Court**: CONFLICT OF EVIDENCE. Where there is a conflict of evidence and the abstract discloses that all the evidence is not presented on appeal, the judgment will not be reversed for the reason that the verdict was against the weight of the evidence.

2. **Damages**: NOMINAL AND ACTUAL: INSTRUCTION. In an action for the recovery of damages upon a tort, it is not error to instruct the jury that they may give nominal damages, if the wrongful act has been proved, "although no actual damages have been sustained." The instruction does not preclude the recovery of actual damages if the jury shall so find.

3. **Mortgage**: SEIZURE OF PROPERTY: SALE. If possession of personal property be rightfully taken by the mortgagee under a chattel mortgage, the failure to sell the property will not make the possession wrongful.

*Appeal from Jackson Circuit Court.*

THURSDAY, MARCH 23.

THE petition alleges that Dunning was the owner of a certain newspaper, known as the "*Jackson County Leader*," and leased his office and all that pertained thereto to Elliott, and at the same time sold and transferred to him the claims and accounts growing out of the publication of said paper. That Elliott, with the knowledge and consent of the defendant, Redmond, sold and transferred all his rights under the lease and also the book accounts and claims to the plaintiff, who entered into possession and commenced the publication of the newspaper. That defendants entered the office or room in which the paper was published, ejected the plaintiff therefrom and took forcible possession of the property therein, including the books of account, claims and demands.

The defendants answered separately, and there was a trial before a jury as to the defendant Redmond alone, who substantially denied the allegations of the petition, except that he admitted he took possession of certain printing presses under and by virtue of a chattel mortgage. No claim is made that the mortgage was not a valid lien on the property. The plaintiff appeals and assigns as error the giving of certain

Bradley v. Redmond.

instructions, the refusal to give others, the admission of improper evidence, and that the verdict is against the evidence.

*D. A. Wynkoop*, for appellant.

Defendant will not be allowed to make one defense in his pleadings and another and different one in his proofs. (*Singleton v. Scott*, 11 Iowa, 589; *Boone v. Chiles*, 10 Pet., 211.) The instructions must be based upon the case made by the evidence and applicable thereto. (*Deppe v. C., R. I. & P. R. Co.*, 36 Iowa, 52.) A sale of personal property by a mortgagee before foreclosure is a conversion. (2 Hill. on Torts, 599; *Spalding v. Barnes*, 4 Gray, 330.) A partner has not the power to consent to an act which results injuriously to his partner. (Collyer on Part., 585; *Peacock v. Peacock*, 11 Ves., 51.)

*Keck & Crocker* and *L. A. Ellis*, for appellee.

SEEVERS, CH. J.—I. Counsel for the plaintiff with much apparent confidence insists that the verdict is against the weight of evidence, the larger part of his argument being devoted to a discussion of this point. The testimony was conflicting, it must be admitted, but it cannot be said by any means that there was no evidence introduced by the defendant to sustain his theory of the case. Fairly considered, the question before the jury was as to the credibility of the witnesses, and if the verdict had been the other way there would have been sufficient evidence to sustain the verdict. There was no such preponderance of evidence in favor of the theory of the plaintiff as will justify a reversal. If, however, there were grave doubts as to this, the abstract discloses the fact that all the evidence is not before us, the "deposition of Mr. Gilmore being lost" and no showing made as to its contents.

II. The court instructed the jury that the plaintiff might recover the actual damages sustained, "and if the wrongful acts of said defendant have been proved, the plaintiff may recover nominal damages, which

*[margin: 1. PRACTICE in the Supreme Court: conflict of evidence.]*

*[margin: 2. DAMAGES: nominal and actual: instruction.]*

may be in any sum however small, although no actual damages have been established." It is claimed that the jury were misled by this instruction, and from it they must have understood the plaintiff could recover nominal damages only. In this we do not concur. The two propositions were fairly put, that in a certain contingency there might be a recovery of the actual damages sustained, and in a certain other contingency nominal damages only could be recovered.

III. The third instruction given by the court is objected to as misleading and inapplicable, for the reason that there was no such issue as contemplated by the instruction. The plaintiff claimed the property under the assignment of the lease to him, and that he entered into possession with the knowledge and consent of Redmond. Besides this he testified that Redmond put him in possession of the office and that he was informed that Redmond had a mortgage on the property. Under these circumstances the instruction is neither misleading or inapplicable. Nor is the sixth instruction objectionable for the same reasons and the additional one because of the averments in the petition which it is said were inserted by mistake, but as to such mistake we have no knowledge.

IV. The fifth instruction is objected to on the ground that there was no evidence to support it. The instruction is based on the theory that the plaintiff voluntarily surrendered possession of the property. The evidence tends to show that the plaintiff was not ejected from the office or deprived of the property by force. That is to say, no physical force was used. Redmond asserted his right to take possession under the mortgage in strong and emphatic language. But there was testimony tending to show, after some talk, that plaintiff voluntarily left the office. Whether this testimony was sufficient is not for us to determine. The defendant had the right to have this question submitted to the jury.

V. The testimony of Redmond tends strongly to show that he did not take possession of the accounts or any property not covered by the mortgage, therefore the eighth instruction was properly given. For aught that appears the plaintiff

could have taken or kept possession of all property not covered by the mortgage, so far as Redmond was concerned. The refusal to give certain instructions asked by plaintiff is assigned as error, but as no attempt has been made in the argument to show wherein such refusal constitutes error, we assume the same is abandoned.

VI. Testimony was admitted tending to show that Evans and the plaintiff were partners and as such jointly had possession of the property. This is assigned as error. Such testimony tended to disprove the allegation in the petition that plaintiff had the sole and exclusive possession of the property and was therefore clearly admissible.

VII. The plaintiff urges the objection that there has been no sale of the property under the mortgage, and therefore the possession is wrongful. This does not neces-

3. MORTGAGE: seizure of property: sale.

sarily follow. If possession was rightfully taken under the mortgage, it is difficult to see how the failure to sell the property can make it wrongful. Besides this the plaintiff was not a party to the mortgage.

AFFIRMED.

ADAMS, J., having been of counsel, took no part in this decision.