PEOPLE'S SAV. INST. OF ERIE COUNTY, PA., v. MILES (BRULE COUNTY, Intervener).

(Circuit Court of Appeals, Eighth Circuit.   October 5, 1896.)

No. 761.

1. FEDERAL COURTS—JURISDICTION—INTERVENTION.
    The federal circuit court, having jurisdiction of an action, and the custody or control of the fund or property in controversy, may entertain a petition of intervention, and try the issues thereon, without regard to the citizenship of the parties in the main action, or to the amount in controversy under the petition.

2. INTERVENTION—ORDER OF COURT.
    After the trial of issues raised upon the filing of a petition of intervention, an objection that there was no formal order of the court granting leave to intervene will not be entertained.

**8. APPEAL—RECORD.**

The circuit court of appeals will not consider an assignment of error that the court below refused to direct a verdict for defendant upon the ground that the evidence did not warrant any other verdict, unless it affirmatively appears that the record before the court contains all of the evidence.

**4. EVIDENCE—CREDIBILITY OF PARTY—ADMISSIONS.**

Where plaintiff testifies in his own behalf, affidavits made by him in a former action touching the same subject-matter are admissible, either to discredit his testimony, or as an admission against interest.

**5. BILL OF SALE—VALIDITY—EVIDENCE.**

A stranger to a bill of sale may impeach its validity in a court of law, when his rights are affected thereby, by the testimony of the party who executed the bill.

**6. MORTGAGES—RIGHT TO POSSESSION.**

The South Dakota statute entitled "An act to give publicity to chattel mortgage sales" does not affect the mortgagee's right of possession after condition broken, nor alter the law on that subject.

**7. SAME.**

A mortgagee in possession of the mortgaged chattels after breach of condition cannot be deprived of possession until the mortgage debt is satisfied.

In Error to the Circuit Court of the United States for the District of South Dakota.

This is an action of replevin brought by H. M. Miles, a citizen of South Dakota, the defendant in error, in the circuit court of Brule county, S. D., against the People's Savings Institution, a corporation and citizen of the state of Pennsylvania, the plaintiff in error, to recover the possession of certain artesian well machinery, engines and boilers, and 2,800 feet of drive pipe. On the petition of the defendant the cause was removed into the United States circuit court for the district of South Dakota. The defendant's answer alleges a purchase of the drive pipe from the plaintiff, who executed and delivered a bill of sale therefor and delivered the possession thereof to the defendant, and, as to all the other property, alleges the plaintiff on the 3d day of August, 1893, executed to the defendant a chattel mortgage thereon to secure an indebtedness of $8,130.65; that the mortgage debt matured on the 1st day of May, 1894, and remained due and unpaid, excepting a payment of $2,000, until the 22d day of January, 1895, when the plaintiff delivered the property to the defendant to be sold under the mortgage; and further avers that it was entitled to the possession of the property by the terms of the mortgage. On the 3d day of April, 1895, Brule county filed its petition of intervention in the cause, claiming to be the owner of the 2,800 feet of drive pipe. As to the drive pipe, the plaintiff conceded that it was the property of the county, and the controversy as to the ownership of that was between the county and the defendant. By consent of the parties the issues between the plaintiff and defendant and between the intervener and defendant were tried to the same jury. There was a verdict and judgment in favor of the county for the drive pipe, and in favor of the plaintiff for the remainder of the property, and the defendant sued out this writ of error.

S. H. Wright, for plaintiff in error.

J. B. Long filed brief for Brule county, intervener.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge, after stating the case as above, delivered the opinion of the court.

1. Under section 4889 of the Compiled Laws of South Dakota, the lower court rightly admitted Brule county to file its petition of intervention, claiming a part of the property in controversy. The court having the possession or control of the fund or property it had

jurisdiction to entertain the petition of intervention and try the issues thereon, without regard to the citizenship of the parties in the main action, or to the amount in controversy under the petition of intervention. Moreover, the controversy arising on the petition of intervention was solely between the intervener and the defendant in the action, and as between them the requisite diverse citizenship existed to give the court jurisdiction of an original action.

2. The petition of intervention sufficiently alleged the intervener's ownership and right to the possession of the drive pipe.

3. After a petition of intervention has been filed, and the issues raised thereon tried, an objection that there was no formal order of the court granting the intervener leave to intervene and file the petition, will not be entertained.

4. At the close of the whole evidence the plaintiff in error moved the court for a peremptory instruction to the jury to return a verdict for the defendant, which request the court refused, and this ruling of the court is assigned for error. It does not affirmatively appear that the record before us contains all of the testimony. The bill of exceptions states that the witnesses testified "in substance as follows." We have several times held that we cannot consider an assignment of error based on the refusal of the court to give a peremptory instruction to the jury to return a verdict for the defendant upon the ground that the testimony is not sufficient to warrant any other verdict where the record contains only the "substance" of the testimony. Railroad Co. v. Washington, 4 U. S. App. 121, 1 C. C. A. 286, 49 Fed. 347; Railway Co. v. Harris, 27 U. S. App. 450, 457, 12 C. C. A. 598, 63 Fed. 800; Railway Co. v. Shelton, 57 Ark. 459, 21 S. W. 876.

5. The plaintiff, as a witness in chief in his own behalf, testified to facts tending to support his claim to the possession of the property. He was afterwards examined by the defendant, and shown two affidavits which he identified as having been made by him in an action in which one Winter was plaintiff and he was defendant, relating to the property in dispute, and thereupon the defendant offered these affidavits in evidence. Whether they were offered in evidence as tending to impeach the plaintiff, or as an admission against his interest, does not clearly appear, and whether they do either is not very clear. We think the court should have admitted them in evidence, and left it to the jury to determine whether there was anything in them inconsistent with the plaintiff's testimony, or his present claim to the property.

6. To maintain the issues on its part, the county called the plaintiff, Miles, as a witness, who testified that he told the defendant's agent before and at the time the bill of sale was executed on the drive pipe that he had no interest in the pipe, and that it belonged to the county. Objection was taken to the introduction of this testimony for the "reasons that the witness could not be heard to impeach his bill of sale, and this, being a court of common law, is without jurisdiction to set aside, or inquire into the bona fides of, the bill of sale." These objections were groundless and rightly overruled. The county was no party to the bill of sale under which the

defendant claimed the pipe, and it was open to it to impeach the bill of sale in this action, and show by any competent testimony that it did not invest the defendant with the title to the property, and that the defendant knew this fact when it took the bill of sale.

A separate examination of the other assignments of error relating to the trial of the issue between the intervener and the defendant is not necessary, as none of them is of any general importance. They have all been examined very carefully, and we are satisfied that none of them has any merit.

The defendant acquired peaceable possession of the property included in the chattel mortgage after the maturity of the mortgage debt, and before the commencement of the suit. The defendant claims that it has a right to retain the possession under a verbal agreement made with the mortgagor that it might take and hold the possession, and that it is also entitled to the possession by the terms of the mortgage as well as at common law. As to whether the plaintiff verbally consented that the defendant might take and hold the possession of the property, there was a conflict in the testimony. Default was made in the payment of the mortgage debt, and it is provided in the mortgage that when such default is made "it shall be lawful for the said mortgagee or his assigns, by itself or agent, to take immediate possession of said goods and chattels, wherever found, the possession of these presents being sufficient authority therefor." The mortgagee was therefore entitled to the possession of the property by the terms of the mortgage. It was, moreover, entitled to the possession at common law. Upon the subject of its right to the possession of the mortgaged property, the defendant asked the court to charge the jury as follows:

"You are instructed that, as between the plaintiff and defendant, the defendant is entitled to a verdict at your hands for the return of all the property embraced in the action that you shall find from the testimony was covered by the chattel mortgage introduced in evidence; and you should, by your verdict, find the value of the same."

The court refused to give this instruction, and on this point charged the jury as follows:

"It appears that this property was the property of the plaintiff, and that to secure a certain indebtedness he mortgaged the same to the defendant. Now, at the time the same was taken by the defendant, about the 20th of January last, the defendant had a right to take the same, provided he pursued the course indicated by the statutes of South Dakota, which read as follows:

" 'Section 1. The foreclosure of chattel mortgages otherwise than by action, shall be in accordance with this act, and any foreclosure sale of chattels contrary to the provisions thereof shall be invalid and no title to chattels shall pass thereby.'

" 'Sec. 5. All sales under this act shall be made between the hours of 12 o'clock m. and 4 o'clock p. m., on Saturday, within twenty days after the seizure of the property, unless the sale shall be postponed, provided, that for lack of bidders, or by request of the mortgagor, any sale may be postponed one week by public announcement at the time of postponement. The sale shall not take place for one week following the date of publication.'

"But if he pursued any other course, without the permission of the plaintiff, then he became a wrongdoer, and his mortgage will not protect him. * * * If he took the property under this chattel mortgage, and failed to foreclose it in pursuance to the statutes, without the authority of the plaintiff, then he is a wrongdoer, and the plaintiff is entitled to reclaim the machinery."

The statute referred to in the charge of the court is entitled "An act to give publicity to chattel mortgage sales," and the tenth section of the act declares, "Nothing in this act shall be construed to prevent foreclosure by action." We think it very clear that the object and purpose of this act are expressed in its title, and that it was not designed to deprive the mortgagee of his right under his contract, or at common law, to the possession of the mortgaged property after default made in the payment of the mortgage debt. The ancient rule was that upon the breach of the condition of a chattel mortgage the absolute title to the property vested in the mortgagee. Pyeatt v. Powell, 10 U. S. App. 200, 2 C. C. A. 367, and 51 Fed. 551; Jones, Chat. Mortg. § 699. In most if not all of the states this rule has been changed by statute, and the rule now is that:

"After his debt has become due the mortgagee has the absolute legal title, in the sense that he may resort to such remedies as a legal title draws to it for the enforcement and protection of his security, and to compel the payment of the mortgage money, just as a mortgagee of lands after default is regarded as having a legal title for the purpose of an action of ejectment to recover possession of the mortgaged premises. But still the mortgagor is considered as having an interest in the chattels mortgaged, which continues, notwithstanding the mortgagee has recovered the chattels or taken them into possession in virtue of his legal title, until the mortgagor's interest is extinguished by foreclosure or a sale in the manner prescribed by law." Woodside v. Adams, 40 N. J. Law, 417, 427; Jones, Chat. Mortg. § 699.

Under the modern rule a mortgagee in possession of the mortgaged chattels after breach of condition holds them in the nature of a pledge for the payment of the mortgage debt, and he cannot be deprived of the possession of them until the mortgage debt is satisfied. It is not necessary for us to decide whether he may not be compelled to sell or account for the property, by a proper proceeding for that purpose. Conceding that this may be done, his right to the possession of the property in the meantime is undoubted. His failure to sell the property or foreclose the mortgage does not make his possession wrongful. Jones, Chat. Mortg. § 702; Bradley v. Redmond, 42 Iowa, 452; Purdin v. Archer, 4 S. D. 54, 54 N. W. 1043. The act does not deal with the mortgagee's right of possession to the mortgaged property after condition broken, and does not alter the law on that subject. The possession of the mortgagee once peaceably acquired continues to be lawful notwithstanding his failure to sell, in the mode provided by the fifth section of the act, within 20 days after the seizure of the property. By the ninth section the right is expressly reserved to the mortgagee to foreclose by action at any time.

The court should have given the request preferred by the defendant, and erred in giving that part of the charge which we have set out. The judgment of the circuit court upon the issues between Brule county, the intervener, and the People's Savings Institution, is affirmed; and the judgment in the main action, in which H. M. Miles, the defendant in error, was plaintiff and the People's Savings Institution, plaintiff in error, defendant, is reversed, and the cause remanded, with instructions to grant a new trial of the issues between these parties.