PITTS AGRICULTURAL WORKS v. BAKER (MAXWELL *et al.*, Interveners).

1. Under Laws 1889, Chapt. 26, entitled "An Act to give publicity to chattel mortgage sales," providing, by Section 5, that "all sales under this Act shall be * * * within 20 days after seizure of the property, unless the sale shall be postponed," but, by section 10, providing that the Act shall not prevent foreclosure by action, failure to make sale within 20 days after the mortgagee takes possession of the property does not discharge the lien of the mortgage.

2. Capacity of plaintiff mortgagee to bring in the courts of the state his action to recover of the mortgagor the mortgaged chattels cannot be questioned by interveners, they being in effect plaintiffs, as, in their complaints in intervention, they seek to recover of plaintiff for conversion of the mortgaged chattels.

(Opinion filed December 17, 1898.)

Appeal from circuit court, Kingsbury county.  Hon. JULIAN BENNETT, Judge.

Action in claim and delivery by the Pitts Agricultural Works, a corporation, against A. M. Baker, administrator of S. A. Baker, deceased.  A. D. Maxwell and others intervened.  Judgment for defendant and interveners.  Plaintiff appeals.  Reversed.

The facts are stated in the opinion.

*Matthews & Murphy* and *C. A. Savage*, for appellant.

*E. W. Smith*, for respondent A. M. Baker.

*Chas. S. Whiting*, for interveners.

CORSON, P. J,   This is an action in claim and delivery, by which plaintiff sought to recover the possession of certain agricultural machinery.  The defendant, Baker, interposed an answer, and Maxwell and the Central Dakota Bank filed their complaints as interveners.   The plaintiff interposed a demurrer to the answer, and also to the complaints of intervention.  The demurrers were overruled, and from the order overruling the same the plaintiff appeals.

It appears from plaintiff's complaint that the property in controversy was mortgaged to it by the defendant, Baker, to secure about $2,500.   Default having been made in the conditions of the mortgage, the plaintiff took possession of the same, by and with the consent of the defendant, Baker, and retained the same in its possession for a period exceeding 20 days, without advertising or selling the property, as provided by Section 5, Chapt. 26, Laws 1889.  The defendant, Baker, thereupon took the said property into his possession, claiming that the plaintiff's lien thereon was released and discharged by reason

of its failure to sell or advertise said property within the 20 days. as required by the said section, and mortgaged the same to the interveners herein. To regain possession of said property, the plaintiff instituted this action. The defendant, in his answer, and the interveners, in their complaints of intervention, make the following denial and allegations: "Denies that said S. A. Baker ever wrongfully or unlawfully seized and took said property from the possession of the plaintiff, but alleges, upon information and belief, that on the 3rd day of December, 1895, said S. A. Baker, being then the owner and entitled to the possession of all of said property, did take the same into his possession, and retain the same until the 6th day of February, 1896, when the same was seized by the plaintiff, and has since been in plaintiff's possession. It alleges that after taking possession of said property, on the 12th or 13th day of November, 1895, the said plaintiff wholly failed to foreclose its said mortgages on said property, or either of said mortgages, but retained the possession of said property for the period of twenty days, without any foreclosure of said mortgages." The theory of the defendant and interveners, as disclosed by the answer of the defendant, Baker, and the interveners' complaints, is that after the 20 days had elapsed, and no sale made of the property, the lien of the plaintiff no longer existed, and the defendant had the lawful right to take possession of the same, and to execute a valid mortgage thereon to the interveners, which should be paramount and superior to plaintiff's lien under its said mortgage; and this seems to have been the view of the learned circuit court.

It will thus be seen that the only question presented for our consideration is: Did the detention of the property by the

plaintiff, after default in the conditions of its mortgage for more than 20 days, without a sale of the property, operate as a conversion of the property, so as to extinguish the lien of its mortgage? The Section of the Laws of 1889 above referred to reads as follows: "All sales under this Act shall be made between the hours of 12 o'clock m. and 4 o'clock p. m., on Saturday, within twenty days after the seizure of the property, unless the sale shall be postponed: provided, that for lack of bidders, or by request of the mortgagor, any sale may be postponed one week by public announcement at the time of the postponement. The sale shall not take place for one week following the date of publication." It will be observed that in the section itself it is not declared in terms that a mortgagee who fails to sell the property within 20 days shall lose his lien upon the property, or forfeit his right to continue to hold possession of the same. Undoubtedly, by the provisions of that section, a mortgagee is required to proceed to make the sale, or to institute proceedings to foreclose his mortgage within the 20 days; and a failure to so proceed may subject the mortgagee to certain liabilities in case the property should be lost or destroyed after the 20 days, and might subject him to an action to compel him to proceed and make the sale or to foreclose his mortgage; but we are of the opinion that, by such failure to sell, such mortgagee does not lose his lien or his right to the possession of the property. By Section 10 of the Act it is provided that nothing in the Act shall be construed to prevent foreclosure by action. A mortgagee may therefore proceed to sell by notice and advertisement, or he may still proceed to foreclose his mortgage by action. If the party proceeds to foreclose by action, he could not ordinarily recover a judgment within the 20

days; yet, under the theory of, the defendant and interveners, his lien upon the property would be lost, and his right to retain possession of the property gone, if he failed to make the sale within the time mentioned in the section. We are clearly of the opinion that no such result should follow such failure to sell within the 20 days. The allegations of the answer and of the complaints in intervention fail, therefore, to state facts constituting a defense to the action, or constituting a valid claim in intervention. This construction of that section has recently been given to it by the court of appeals for the Eighth judicial circuit in the case of Savings Inst. v. Miles, 22 C. C. A. 152, 76 Fed. 252, appealed to the circuit court of appeals of the United States from the district of South Dakota, in which a question similar to the one now before us was involved. In that case Mr. Justice CALDWELL says: ''We think it very clear that the object and purpose of this Act are expressed in its title, and that it was not designed to deprive the mortgagee of his right, under his contract or at common law, to the possession of the mortgaged property after default made in the payment of the mortgage debt.'' The learned justice, after citing authorities and quoting therefrom, concludes as follows: ''The Act does not deal with the mortgagee's right of possession to the mortgaged property after condition broken, and does not alter the law upon that subject. The possession of the mortgagee once peaceably acquired continues to be lawful, notwithstanding his failure to sell in the mode provided by the fifth section of the Act within twenty days after the seizure of the property.'' For a failure to adopt this view in its instructions to the jury, the judgment of the lower court in that case was reversed, and a new trial ordered. The opinion of that court as to the con-

struction to be given to a law of this state in a case arising within this jurisdiction, though not obligatory upon this court, is entitled to very great weight. And in the case at bar we adopt the construction given to that section by that court, as it fully accords with our views.

The respondents contend that in the complaints of intervention they had denied in statutory form the capacity of the plaintiff to bring this action in the courts of this state, and that, as the demurrer goes to the whole complaint of intervention, it was properly overruled by the court below by reason of this denial. The defendant, Baker, has not raised this issue by his answer, and we are of the opinion that the interveners are not in a position to do so by their complaints of intervention. In these complaints the interveners are, in effect, plaintiffs, as their complaints in intervention are in the nature of actions to recover of the plaintiff herein for conversion of the property included in his chattel mortgage. In this view of the case, we are of the opinion that the interveners cannot raise this question by their complaints of intervention. The order overruling the demurrers is reversed, and the court is directed to enter an order sustaining the demurrers to the answer and to the complaints in intervention.

HANEY, J. (concurring specially). In this state "a mortgage does not entitle the mortgagee to the possession of the property, unless authorized by the express terms of the mortgage; but, after the execution of the mortgage, the mortgagor may agree to such change of possession without a new consideration." Comp. Laws, § 4358. The mortgages involved in this action provide that, upon certain conditions contained

therein, "it shall be lawful and the said mortgagor hereby authorizes said mortgagee * * * to take said property, and enter on the premises, wherever the same may be found, to take and remove and hold. or sell and dispose of, the same and all equity of redemption at public auction, with notice as provided by law, and on such terms and at such places as said mortgagee or its agent may see fit." It will be observed that the mortgagee is expressly authorized to take and hold "or" sell; not hold "and" sell. Therefore the plaintiff was, by the express terms of the mortgages, entitled to possession when this action was commenced. In the federal case cited in the majority opinion, the mortgage contained substantially the same authority. Upon the facts in that case, the court was right in holding that the mortgagee was entitled to possession after its debt became due; but its attention was certainly not called to the section of our statute heretofore cited, or it would have predicated the plaintiff's right of possession upon the express terms of its mortgage, and not upon the general rule of law announced in its decision. With these qualifications upon the views expressed in the majority opinion, I concur in the conclusion that the order of the circuit court should be reversed.