## EDMONDS v. RILEY.

1. Laws 1893, Chap. 72, § 1 requiring that "upon the trial of a question of fact by the court its decision must be given in writing and filed with the clerk within 30 days after the cause is submitted for decision." is directory, and failure to file the same within the time limited will not affect the judgment.

2. Judgment for plaintiff by default having been vacated, it appeared from the court's journal that the case was regularly called for trial on July 6, 1892, a jury waived, witnesses examined, and further trial continued until the following day. On July 7th, there was no mention of the case in the journal, and no record of any judgment except the following in the docket opposite the title of the case, in the clerk's handwriting: "July 6th, the case tried to the court. July 7th, judgment for defendant." Seven years thereafter, defendant presented to the court an affidavit of the court reporter of 1892, from which it appeared that at the close of the trial in July, 1892, the then judge directed the reporter to take down in shorthand the findings of the court and its conclusions of law, and he annexed to his affidavit a transcript of the findings and conclusions. *Held* proper for the judge in office to adopt the findings annexed to the reporter's affidavit, and sign the same as the findings of the court, and to enter judgment thereon.

3. Laws 1889, Chap. 26, § 1, makes void a foreclosure sale of chattels not in conformity with the provisions of the act. Section 7 provides that within 10 days after foreclosure the person making the sale shall make out in writing a full report of all the proceedings, "and shall file the same in the office of the register of deeds." *Held*, that failure to file the report invalidated the sale.

(Opinion filed April 1, 1902.)

Appeal from Lawrence county court. HON. FRANK WASHA-BAUGH, Judge.

Action by James F. Edmonds against Peter C. Riley. Judgment for defendant, and plaintiff appeals. Affirmed.

*Rice & Polley,* for appellant.

A judgment cannot be entered *nunc pro tunc,* unless supported by record evidence; that is such a record as will be recognized by the court, and cannot rest in parole. Black on Judgments, Sec. 135; Hegeler v. Henckell, 27 Cal. 491; Draughan v. Bank, 18 Am. Dec. 38; Hudson v. Hudson, 56 Am. Dec. 200; Metcalf v. Metcalf, 54 Am. Dec. 190; Raymond v. Smith, 71 Am. Dec. 458; Ludlow v. Johnson, 17 Am. Dec. 609; Gibson v. Chouteau, 100 Am. Dec. 366.

CORSON, J. This is an appeal by the plaintiff from a judgment entered in favor of the defendant in July, 1899, and from an order denying a new trial. In the spring of 1892 the plaintiff commenced this action in the county court of Lawrence county to recover of the defendant the amount claimed to be due upon a promissory note executed to him. On the 5th day of May a judgment by default was entered in favor of the plaintiff and against the defendant for the amount claimed to be due. Two days thereafter, on May 7th, the court, upon application of the defendant, set aside the default and granted the defendant leave to file an answer. On July 6th of the same year a trial was had, and by the court's journal it appears that the case was regularly called for trial, a jury waived, witnesses examined, and further trial continued until the following day. On the following day (July 7th) there was no mention of the case in the journal of the court, and no record of any judgment, except the following appearing in the docket opposite the title of the

case, in the handwriting of the clerk: "July 6th, case tried to the court. July 7th, judgment for defendant." The case remained in this condition for a period of over seven years, and until the 13th of July, 1899, when the defendant presented to the court an affidavit of the court reporter of 1892, from which it appeared that at the conclusion of the trial in July, 1892, Judge Plowman, who was then judge of the county court, directed the reporter to take down in shorthand the findings of the court and its conclusions of law, which the reporter did, and he annexed to his affidavit a transcript of the said findings and conclusions of law. Thereupon Judge Washabaugh, who had succceded said Plowman as county judge, adopted the findings and conclusions so annexed to the affidavit, and signed the same as the findings and conclusions of the court, entered judgment thereon in favor of the defendant, and vacated and set aside the default judgment entered in May, 1892.

The appellant contends that the court erred in overruling plaintiff's objections to the affidavit of the court reporter, as the same was incompetent to establish a record of the court; and the court erred in making findings of fact and conclusions of law, as it had lost jurisdiction of the same by lapse of time; and the court erred in making its order setting aside the default judgment entered in favor of the plaintiff in May, 1892. It is further contended on the part of the appellant that, as it is provided by statute that "upon the trial of a question of fact by the court its decision must be given in writing and filed with the clerk within thirty days after the cause is submitted for decision" (Laws 1893, Chap. 72, § 1), and no such decision being filed, the judgment subsequently entered was unauthorized and null and void. The provision requiring the findings of the court to be filed within thirty days has usually been regarded as directory, and a failure to file the same within the time

limited will not affect the judgment  If Judge Plowman had in fact entered upon his minutes his findings and conclusions of law, and through inadvertance had failed to write them out in full and file them with the clerk, the judge subsequently sitting in the court would have been authorized to regard these findings in the minutes of the court as constituting a decision in the case, and entering a judgment thereon.  1 Black, Judgm. § 135.  If such a proceeding would have been proper, we are of the opinion that the court committed no error in adopting the findings annexed to the reporter's affidavit, and signing the same as the findings of the court and entering judgment thereon, as the reporter's shorthand notes, he being a sworn officer of the court, should be regarded as equivalent to the judge's minutes.

It is further contended on the part of the appellant that if the findings and conclusions of law and judgment were regular in form, the conclusions of the court are not supported by the findings. In the answer which the defendant was permitted to file, he alleged, in effect, that to secure the payment of the note upon which the action was instituted he executed to the plaintiff a chattel mortgage upon certain live stock of the value of $375, which the plaintiff had converted to his own use, and he demanded judgment against the plaintiff for the value of the same, less the amount due upon the note in suit.  This answer was interposed evidently upon the theory that the proceeding taken by the plaintiff to foreclose the chattel mortgage was irregular and invalid.  Upon this subject the court finds as follows: "That the plaintiff appointed W. I. Wamsley, who took possession of the said horses under the said chattel mortgage, gave due notice by publication, and that he sold the same at public auction at the court house in Deadwood; that all the proceedings on said foreclosure, as agreed by the parties,

were in conformity to law, and the said Wamsley made out a report of sale and delivered the same to the plaintiff, but that said report was not filed with the register of deeds, and has not been so filed." The court concludes, as a matter of law, that the sale is invalid by reason of the failure to file the report required by section 7 of chapter 26 of the laws of 1889 with the register of deeds; that the defendant having elected in this action to sue for the value of the property at the time of its conversion, is entitled to recover the value thereof, to wit, $270.50, subject to the amount now due plaintiff, $236.03." We are of the opinion that the contention of the appellant is untenable, and that under the law the court's conclusions are strictly correct. Section 1, Chap. 26, Laws 1889, declares that the foreclosure of chattel mortgages otherwise than by action shall be in accordance with the provisions of that act, and declares the foreclosure sale of chattels contrary to the provisions thereof shall be invalid, and no titles to chattels shall pass thereby. And section 7 provides: "Within ten (10) days after the foreclosure of any mortgage as herein provided, the person making the sale shall make out in writing a full report of all the proceedings in such fore-closure, specifying particularly the property sold, the amount received therefor, the amount of the costs and expenses, itemized, and the disposition made by him of the proceeds of the sale, and shall file the same in the office of the register of deeds of the county where the mortgage is filed, which report shall be received in all courts as prima facie evidence of the facts therein recited." It was manifestly the intention of the legislature in the enactment of the Laws of 1889, and especially of section 7, to correct many of the abuses that had grown up under the former system of foreclosing chattel mortgages by advertisement, and provide for a permanent record of such sale, so that the mortgagor might ascertain what

proceedings had been taken. The requirements of this section are not only mandatory in terms, but under section 1 the sale, if not made in accordance with the provisions of the act, is declared to be invalid, and that no title to the property shall pass thereby. As will be seen, in the case at bar the report was made out and given to the plaintiff, but he failed and neglected to file the same. It is true that the court finds that the proceedings were regular, and were in conformity with law; but this does not relieve the plaintiff from the duty imposed upon him to see that the report was properly filed in the office of the county recorder.

The learned counsel for the appellant contends that inasmuch as this court has held that the failure to have the sale of real property confirmed, where the proceedings are shown to be regular in every respect, will not defeat the purchasers' title, the same rule should be applied to the case at bar. Baxter v. O'Leary, 10 S. D. 150, 72 N. W. 91, 66 Am. St. Rep. 702. There is a broad distinction between the confirmation of a sale of real estate and the report of the sale of chattel property under the act of 1889. In the case of real property the order of confirmation is made *prima facie* evidence of the regularity of the proceedings, and the absence of such confirmation imposes the burden upon the party claiming under the sale to affirmatively show that the proceedings were regular, but it is nowhere declared that the failure to make such confirmation renders the sale invalid.

It is further contended by counsel that in construing section 5 of this act the court held that the failure to make the sale within twenty days did not have the effect of releasing the lien of the mortgagee. Agricultural Works v. Baker, 11 S. D. 342, 77 N. W. 586. That decision was placed upon the ground that the mortgagee under the act might foreclose either by advertisement or

by action, and that the legislature could not have intended that the party failing to sell the property within the twenty days should lose his lien, as it was practically impossible to enforce his lien by foreclosing it by action within twenty days. This case is not, therefore ruled by that case. By the provisions of section 7 a report containing the matters therein provided must be filed in order to make the sale regular and valid, and one by which the title to the property would pass, and it is the duty of the mortgagee to see that the report is made and filed within the time specified. The court was therefore clearly right in holding the sale invalid, and in requiring the plaintiff to account for the full value of the property sold by him under his chattel mortgage.

Finding no error in the record, the judgment of the county court and the order denying a new trial are affirmed.