## CARNEY et al. v. TWITCHELL, et al.

The statute requiring decisions to be filed within 30 days after submission of a cause is directory, and failure to file within that time will not affect the judgment.

It is improper to set aside findings and a judgment because they do not state the time of trial, since any cause for complaint can be cured by amendment.

, A court can make any amendment after the term at which a judgment is rendered necessary to show the actual judgment and findings, or to correct an omission—e. g., omission of the time of trial—where the records necessarily show the time.

Defendant holders of a tax deed cannot claim relief thereunder in a suit to quiet plaintiffs' title where the issuance of a deed was enjoined, and where they did not make plaintiffs parties to the proceeding in which issuance was compelled.

A defendant who appeared through attorneys in moving to vacate an injunction, designating himself as a defendant in an affidavit supporting the motion, cannot rely upon want of service of process.

In moving to open findings, conclusions, and judgment, defendant cannot rely upon want or jurisdiction of a codefendant, where the findings, etc., are not sought to be opened for the codefendant's benefit.

An order vacating findings, conclusions, and a judgment cannot be sustained, as made at the same term as they were entered, where the record fails to show that from the time of entry to the time of the order any term of court was held.

(Opinion filed, December 16, 1908.)

Appeal from Circuit Court, Meade County. Hon. JOSEPH B. MOORE, Judge.

Action by James E. Carney and others, partners as Carney, Davis & Co., and another, against Daniel Twitchell and others. From an order vacating findings, conclusions of law, and a judgment, plaintiffs appeal. Reversed, and order vacated.

*Charles W. Brown* and *Wesley A. Stuart,* for appellants.

Where a judgment or decree has been rendered by a court of competent jurisdiction, it can only be reviewed by such methods as are provided by law, and no other court of concurrent jurisdiction has any power to modify, annul, or set aside such a judgment or decree. 11 Cyc. 991; 17 Am. & Eng. Ency. Law, (2d Ed.) 718; 12 Am. & Eng. Ency. Law, (1st Ed.) 10; Enderlin State Bank v. Jennings (N. D.) 59 N. W. 1058; State v. Price, 14 S. E. 490; Moore v. Superior Court, 25 Pac. 22; O'Brien v. O'Brien, 57 Pac. 225; Dodge v. Northrup, 48 N. W. 505; Marvin v. Weider, 48 N. W. 825; Parrish v. Marvin, 15 Wis. 247; Kamp v. Kamp, 59 N. Y. 212; Fisher v. Hepburn, 48 N. Y. 41; Wells v. Vanderwerker, 60 N. Y. S. 1089; Wilsey v. Rooney, 16 N. Y. S. 471; Black v.

Plunkett, 31 N. E. 567. A judge has no power to review and reverse the action of another judge of co-ordinate jurisdiction. If there has been an error in the action of the first judge, the remedy is by appeal or writ of error. 17 Am. & Eng. Ency. Law 718. A judgment, regular upon its face, can only be vacated upon a motion for a new trial, or by appeal, or upon a showing of fraud, or of want of jurisdiction, or of mistake, inadvertence, surprise or excusable neglect. 151, 300-302 Rev. Code Civ. Proc.; Beach v. Beach, 6 Dak. 371; Moore v. Superior Court, 25 Pac. 22; Egan v. Egan, 27 Pac. 22; People v. Harrison, 24 Pac. 311; People v. Goodhue, 22 Pac. 66; Wallace v. Center, 67 Cal. 133; Wakelee v. Davis, 62 Cal. 514; Bell v. Thompson, 19 Cal. 707; O'Brien v. O'Brien, 57 Pac. 225; Jacks v. Baldez, 31 Pac. 899; Hartshorn v. Railway Co., 23 Wis. 692; Aetna Life Ins. Co. v. McCormick, 20 Wis. 265; Parrish v. Marvin, 15 Wis. 247; Spafford v. City of Janesville, 15 Wis. 474; Edwards v. City of Janesville, 14 Wis. 26; Wells v. Vanderwerker, 60 N. Y. S. 1089; Todd v. Jackson, 61 S. W. 1; Hall v. West Chester Pub. Co., 37 Atl. 106; State v. Calhoun, 18 L. R. A. 838; 14 Ency. Pl. & Pr. 75-88. The provision of the statute, requiring the decision to be filed within 30 days after the submission of the cause, is directory, and a failure to file the same within that time will not affect the judgment. Edmonds v. Riley, 15 S. D. 470; Roblin v. Palmer, 9 S. D. 36. A tax deed issued in violation of a preliminary injunction is an absolute nullity. Willsie v. Rapid Valley Horse Ranch Co., 7 S. D. 114; Uhe v. Railroad Co., 3 S. D. 563.

*Polk* & *McNenny,* for respondent.

A court has full control over its orders and judgments during the term in which they are made and may upon sufficient cause shown, in the exercise of its sound discretion, amend, correct, revise, supplement or vacate such judgments. 15 Enc. Pl. & Pr. 205; Klöchner v. Schafer, 110 Ill. App. 391; Nachtsheim v. Turner et al, 36 N. W. 637; Weed v. Weed, 25 Conn. 337. There is no rule creating an absolute disability of a judge to set aside an order made by his predecessor, where the latter, if in office, might do it. Harrigan v. Gilchrist, 99 N. W. 909. Judgments nunc pro tunc should have some record evidence to support them. They should not rest

upon parole or recollection. Black on Judgments, Sec. 135; Edmunds v. Riley, 15 S. D. 470; Higeler v. Hudson, 27 Cal. 491; 15 Enc. Pl. & Pr. 334, note 2.

WHITING, J. This cause comes before us on appeal from an order of the circuit court of Meade county, Judge Washabaugh presiding, vacating the findings of fact, conclusions of law, and judgment which had been entered and rendered in said cause by Judge Moore, the predecessor of Judge Washabaugh.

The facts shown by the record are as follows: The plaintiffs herein brought this action against the defendants Twitchell and Polk for the purpose of having a certain tax certificate which these defendants claimed to hold against certain lands, the title of which was claimed by the plaintiffs, declared invalid, and to have their title quieted as against these defendants. They made defendant Shaw a party hereto simply for the reason that he was the treasurer of Meade county, and they sought to restrain any issuing of tax deed by said defendant Shaw to either of the other defendants. The complaint sets forth that the defendants Twitchell and Polk either one or both of them claimed to have purchased of said Meade county certain certificates on tax sales which sales were made to said county. The plaintiffs allege that there had been no proper assignment of said certificates; also, that the defendants Twitchell and Polk had not purchased said certificates of the county, but had paid in the money to the treasurer for the purpose of paying the taxes represented by said certificates, and, further, the plaintiffs allege that, owing to the relations existing between the plaintiffs and the defendants Twitchell and Polk, the duties and obligations which said two defendants owed to these plaintiffs, it was the legal duty of said defendants to pay said taxes, and that they could not legally acquire a lien against such land under such tax certificates. They further allege that, before purchasing the land in question, they had obtained from the defendant Shaw a certificate to the effect that all taxes against these particular tracts of land had been paid, and that they had relied upon the same in purchasing the land. There were other allegations that are immaterial for the purpose of this hearing.

This action was commenced in January, 1900. One part of the relief prayed for was a permanent injunction against such treasurer's issuing a tax deed, and on January 12, 1900, a temporary injunction was issued. The defendants Twitchell and Polk on March 10th made a motion to dissolve the temporary injunction; the defendant Twitchell at that time making an affidavit in support of said motion and in such affidavit designating himself as one of the defendants and the attorneys signing themselves on the motion papers as attorneys for defendants. This motion to vacate the order for an injunction was denied, and said temporary injunction remained in force up to the time of final judgment. The defendants Polk and Shaw answered, but the defendant Twitchell never filed any answer herein. In his answer defendant Polk claimed to have a valid lien against the premises in question by virtue of the assignment of said tax certificate, and claimed the right to hold and perfect such lien. Upon the issues so formed the cause was tried to the court in June, 1900, and, as appears by the statement of the court introductory to the findings of fact that were finally made, the trial court announced orally his decision in favor of plaintiffs at the close of the trial. Formal findings, conclusions, and judgment were not found and rendered until January, 1902. The findings and conclusions bear date of January 4th, and the judgment January 6th; it being about the time of the close of Judge Moore's term of office. The plaintiffs, however, claim that formal notice of proposed findings and conclusions was served in the summer of 1901, and taken up before Judge Moore, who tried the case, and continued from time to time until the same were signed. In July, 1900, being after the trial of the cause above referred to and which is now at bar, the defendants Twitchell and Polk brought mandamus proceedings in the circuit court of Meade county, wherein they were the sole plaintiffs and the defendant Shaw, above referred to, the sole defendant; said action being brought to compel the said Shaw as treasurer to issue to the plaintiffs Twitchell or Polk, as defendant might elect, proper assignments of the certificates of sale which they claimed had been purchased of the said Meade county. The treasurer answered, setting up several defenses, among them that the plaintiffs Twitchell and Polk had not purchased these tax

certificates, but that the payments they had made were for the purpose of paying said taxes; further that he, Shaw, as treasurer, relying upon their payment of these taxes, had issued a certificate to the effect that these taxes had been paid, and that persons relying on such certificate had taken title to the lands referred to therein, and said defendant Shaw further plead that there was outstanding against him this injunctional order in the cause now at bar. In due course, the court issued a peremptory writ requiring the said Shaw, as treasurer, to assign the tax certificates which had been issued to said Meade county and which the defendants Twitchell and Polk claimed they had purchased, but we call particular attention to the fact that said writ was entirely silent as to whether or not the said treasurer should issue a tax deed on said certificate if it should be demanded. In November, 1900, defendant Polk took out a tax deed on such certificates, and placed the same of record. The above was the situation when, on February 7, 1902, the defendants Twitchell and Polk in the cause at bar served notice upon the plaintiffs of a motion before said circuit court asking that the findings, conclusions, and judgment herein be vacated and set aside. In passing we would state that these findings, conclusions, and judgment were made and rendered at Deadwood in Lawrence county; that nowhere in the same was there any recitation as to the date of the trial; that between the date of these findings and judgment and the return day of this motion to vacate the same Judge Moore was succeeded by Judge Washabaugh; and that this motion was returnable before the last-named judge at Deadwood. This motion was supported by the affidavit of defendant Polk, and was also based upon all the records in the two causes herein referred to, said affidavit setting forth nothing but what appears in the above statement of facts, except that the affidavit of Polk set up that he believed the object in drawing the findings, conclusions, and judgment in the form they were (referring evidently to the fact that the date of trial did not appear therein) was to cast a cloud upon the title of said Polk. No claim was made at any time but what the findings were supported by the evidence, and would have been in all respects proper if entered at the close of the trial. Furthermore, the defendants and respondents in their briefs before

this court state specifically that no grounds existed which might call into effect the statute providing for the opening of judgment on account of mistake, inadvertence, surprise, or excusable neglect. They also state that there is no ground for alleging fraud, unless it be held a fraud for the plaintiffs to take their findings, conclusions, and judgment at the time when same were taken. This motion to vacate the findings, conclusions, and judgment was brought on before the court and the motion was granted February 18, 1902, and an appeal was taken from this order to this court. Respondents upon their said motion in the lower court based the same upon five different grounds, and, inasmuch as the trial court did not specify the ground on which it based its order sustaining said motion, we will consider them separately.

In the first paragraph they set forth that the findings, conclusions, and judgment were not made and entered until 18 months after the trial, and that defendant Polk had acquired an interest through his tax deed subsequent to the trial of this cause and prior to the date of said findings, conclusions, and judgment, and that, insomuch as said findings, conclusions, and judgment were entered as of January, 1902, and make no reference to the date when said trial was had, such findings, conclusions and judgment upon their face set aside and render said tax deed void. As regards this contention, we would say that there is no merit in respondents' position. This court has heretofore held that the statute requiring decisions to be filed within 30 days after submission of cause is directory, and that a failure to file the same within that time will not affect the judgment. Edmonds v. Riley, 15 S. D. 470, 90 N. W. 139; Roblin v. Palmer et al., 9 S. D. 36, 67 N. W. 949. As to the question of this judgment apparently vacating and avoiding said tax deed on account of its not stating the time of trial, we would say that a mere amendment of such findings and judgment showing the time of trial would have cured all cause for complaint, and certainly it would be highly improper for a court, even if it had the jurisdiction to do so, to set aside and vacate findings and conclusions as well as judgment, when by so doing a new trial of the issues involved would become necessary where there was this simple remedy by amendment. We think it can hardly be questioned but

that the court has power after the term to make any amendment which is necessary to show the actual judgment and findings of the court, or to correct any mere omission like in this case the omission of an allegation as to the time of trial when the records in the cause on file and the records of the clerk's office would necessarily show such time of trial. We think the following authorities sufficient to sustain this right to amend on motion: 1 Black on Judgments, § 157; 23 Cyc. 869; 15 Ency. Pl. & Pr. 225.

The second ground set up was that no proceedings had ever been had to set aside said tax deeds, and the same were valid, and so appeared except for the cloud cast upon the title by the judgment, and that said tax deeds were never in issue in the above cause in which the judgment was rendered. What we have said above we think fully answers this, but, in addition, we might add that under no circumstances should the respondents have been heard to ask relief in aid of their tax deed when such deed was taken while they knew an injunction was out in the cause at bar restraining the issuance of such a deed and they had not brought in the plaintiffs in this cause as parties to said mandamus action. It would seem that, if any one was guilty of wrong practice, it was the respondents.

The third ground set forth was that these findings, conclusions and judgment were entered as of default against the defendant Twitchell, and that as a matter of fact such defendant had never been served with process and had never appeared either by answer or demurrer. There is nothing in this contention, as we have shown by the facts herein, as the records show that this defendant had appeared through attorneys upon a motion to vacate the injunction and in an affidavit filed in connection therein had designated himself as a defendant herein, and, furthermore, he is not the party for whose benefit it was sought to open up the findings, conclusions, and judgment.

The fourth contention is similar to the first and second, and fairly covered by what we have said in relation thereto; and this is also true of their fifth ground or paragraph.

All of the reasons for vacating judgment set forth in the lower court could be disposed of upon the one ground, to wit, admitting

all the facts were as claimed, the respondents could not reach their remedy by a motion to vacate the judgment, no statutory grounds therefor being claimed, and, as we have heretofore stated, our court having held that the 30-day limit for entering decisions was merely directory; but in their briefs in this court the respondents say that Judge Washabaugh had full control over all orders and judgments made during the term and that during the term when made he had the absolute power to vacate the same. Admitting this to be true as a legal proposition, we find in this case that we have an action brought in Meade county, findings, conclusions, and judgment were rendered in Lawrence county, the dates these things were done were no more than special term or chamber dates so far as Meade county was concerned, and in no case can it be held that there was a continuing term of court for Meade county from January 4, 1902, up to and including February 18, 1902, at Deadwood, in Lawrence county. And, beside this, there is absolutely nothing in the record to show that there was even a continuous term of court in and for Lawrence county from January 4, 1902, up to and including February 18, 1902, or that during any of said time any term of court was being held there.

From the above it appears to the court that the respondents, if they have been injured by the making and entry of these findings, conclusions, and judgment in the form in which the same were made and entered, have sought the wrong remedy, and that Judge Washabaugh had no jurisdiction to vacate said findings, conclusions, and judgment on any ground asked for by the respondents.

It is therefore the order of this court that the order of said circuit court vacating such findings, conclusions, and judgment be reversed and set aside, and that the circuit court be required to reinstate said findings, conclusions, and judgment.