SOMERS, Respondent, v. SOMERS et al., Appellants.

(146 N. W. 716.)

1. **Appeal—Error—Review—Findings Refused—Exceptions, Necessity for.**

No exceptions having been taken to refusal to make findings, or to refusal to grant new trial, the Supreme Court will not review such alleged errors on appeal.

2. **Constitutional Law—Homestead—Self-executing Provision—Mandate to Legislature.**

Const., Art. 21, Sec. 4, requiring the Legislature to enact laws exempting to heads of families a homestead, whose value shall be limited by law, is not in itself an exemption law, nor self-executing, but only a mandate to the Legislature to extend the homestead exemption to heads of families.

3. **Homestead—Exemption—"Family"—Statutes, Construction of.**

Under Const., Art. 21, Sec. 4, requiring Legislature to enact laws exempting to heads of families a homestead, and Pol.

Code, Secs. 3215, 3216, 3235, respectively declaring that the homestead of every family shall be exempt, that a widow or widower, though without children, shall be deemed a family while occupying the house used as a homestead at the death of the other spouse, and that every family, whether consisting of one or more persons, in actual possession of a homestead, shall be deemed a family, **held**, that one person in actual occupancy of a homestead constitutes a "family" within the homestead law; the homestead right, within constitutional limitations, being matter of legislative discretion as to the person, or the class of persons, upon whom it shall be conferred.

4. **Homestead—Findings Against Preponderance of Evidence—Burden of Proof—Resumption of Homestead—New Homestead.**

A husband, attacking a deed executed by his' wife, conveying land separately owned by her, on ground that it was a homestead, has the burden of establishing that fact; and **held**, that a wife, who left her homestead to reside upon and prove up on government land, and who returned to the original homestead after so proving up, and took up her residence with her two sons, who had resided on the homestead during her absence, but who did not resume control over the property, did not acquire a new homestead within the purview of Pol. Code, Sec. 3235, allowing an individual to acquire a homestead; and the findings, to the effect that she did are against the great preponderance of evidence.

Whiting, J., concurring in the result.

(Opinion filed April 13, 1914.)

Appeal from Circuit Court, Brule County. Hon. FRANK B. SMITH, Judge.

Action by Lafayette Somers against Peolia L. Somers and another, to recover an interest in land. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Reversed and remanded.

*H. C. Preston,* and *Edward E. Wagner,* for Appellants.

There is no evidence in the case that establishes that after the wife took up her residence on the government land, and thereby on that date left and abandoned her homestead under the state law, that she ever returned to the old home as a homestead under the state law.

Until the deed was made to the boys, the wife had the title to the land, and to that extent was the owner, but she was not the head of the family.

When she removed from the government claim upon which she made final proof, back to the land in controversy she never acquired a homestead thereon, she lived with her sons and made her home with them and they were the head of the family, and supported and cared for the mother.  Consequently, the homestead was that of the sons rather than hers.

To constitute one or more persons, with another, living together in the same house, a family, it must appear that they are being supported by that other, in whole or in part, and are dependent on him therefor, and, that he is under a natural or moral obligation to render such support.  Sheeley v. Scott, 104 N. W., 1139; 4 L. R. A. (N. S.) 365-372.

*Brown & Brown,* for Respondent.

There is abundant evidence to sustain the decision of the court.  This land was originally the plaintiff's own.  On account of family disputes and quarrels he deeded it to his wife in 1885, and in 1888 left her and the children.

All the evidence shows that after she proved up on her government claim she made her home on the old homestead, the land in dispute, and exercised the same control over it as she did before, and that the defendants Lyme and Fred sustained no different relations to her or to the land, down to the time of her death than they did when they were 12 and 9 years of age respectively.

The clause in the deed that the mother made to them, and under which deed they now claim title to the land "that I am to hold this land during my lifetime, and that this deed is to be delivered to said Peolia L. Somers and Fred D. Somers after my death," shows that the mother had no intention of relinquishing her position as head of the house, or of giving over to defendants control of the land, while she lived.

The homestead is real property owned by the head of a family and occupied by the family as a home.  15 A. & E. Encyclopedia of Law, page 525.

Political Code, Sec. 3222 says:  "The homestead must embrace the house used as a home by the owner thereof."

SMITH, P. J.  This case was first tried in June, 1910, resulting in a judgment for plaintiff.  On appeal this judgment was reversed, on June 20, 1911, and the cause remanded.  The re-

mittitur was filed in the circuit court, July 31, 1911. The grounds of reversal will be found in the opinion of this court reported in 27 S. D. 500, 131 N. W. 1091; 36 L. R. A. (N. S.) 1024.

On December 30, 1911, the trial court, without further proceedings, and without notice to plaintiff's attorneys made and entered findings of fact and conclusions of law in favor of defendants, and on January 1, 1912, entered a judgment dismissing plaintiff's complaint with costs. Thereafter, on January 8, 1912, plaintiff's attorney, becoming advised of said proceedings, moved the trial court for an order setting aside said findings of fact, conclusions of law and judgment, on the ground that the same were made ex parte, without notice to plaintiff, and for the reason that under the decision of the Supreme Court, the trial court was not authorized to proceed to make findings of fact and enter judgment, without giving plaintiff an opportunity to be heard, which motion was heard on January. 19, 1912. Thereafter on July 27, 1912, the circuit court made and entered an order vacating and setting aside the findings of fact, conclusions of law and judgment theretofore entered, and set the action down for trial at the next term. Attorneys for both parties were present when the hearing was had and the orders referred to, entered, but so far as the record discloses, no exception was entered to either of the orders. The cause again came on for hearing on January 21, 1913, at which time, by written stipulation of the parties, a transcript of the evidence taken at the first trial was received in evidence, covering the testimony of all witnesses of both plaintiff and defendant, subject to the objections stated in the transcript. Thereupon, R. H. Somers, W. Hall Irons, and Amelia J. Lewis were sworn and testified on behalf of plaintiff, and Fred D. Somers, Herman Routier, Peolia L. Somers, Wm. Miller, John Sund and Frank Van Skaak, testified as witnesses, on behalf of defendant. Amelia J. Lewis was recalled in the rebuttal, and plaintiff Lafayette Somers again testified in his own behalf. On February 10, 1913, the trial court made and entered findings of fact and conclusions of law and judgment favorable to plaintiff. From this judgment and an order overruling motion for a new trial, defendants appeal.

[1] Appellants assign as error, the order denying motion for a new trial, and the refusal of the trial court to make findings and

conclusions requested by defendants, and in entering findings and judgment for plaintiff as specified in the motion for a new trial. The motion for new trial specified as error, the order of July 27, 1912, setting aside and vacating the findings of fact. conclusions of law, and the judgment entered January 1, 1912, and the order of the same date directing the new trial. These two assignments or specifications of error, require no further consideration for the reason that no exceptions to such rulings are disclosed by the record.

A brief statement of the facts is necessary to an understanding of the alleged error in overruling appellant's motion for a new trial. About 1885, the plaintiff, Lafayette Somers owned and resided with his wife Elizabeth Ann Somers and their children, upon a quarter section of land in Brule county, which is the land in controversy. The title to this land was in plaintiff. In March, 1885, he deeded the land to his wife, Elizabeth Ann Somers, but continued to reside thereon, with his wife and family, until 1888, when domestic difficulties arose between himself and wife, and, after a violent quarrel, he left his wife and family, and never returned to the land or to his family. The wife, with three children, two of whom were minors when the trouble arose, continued to reside upon and cultivate the land, until 1899. In that year, the wife Elizabeth Ann Somers, filed on a government homestead a few miles from this land, and established her residence thereon, and continued the same for more than five years, made final proof under the homestead law, and received patent to the land. During her residence on the government homestead, the land in controversy was occupied and cultivated by her two sons, Peolia L. and Fred Somers, who are defendants and appellants in this action. In 1906, she returned to the land in controversy, then occupied by her said sons, the older of whom was then married. Peolia, the youngest of the children, who was twenty-seven years of age in 1906, resided with the brother and wife on the land, and was never married. On February 24, 1908, Elizabeth Ann Somers executed and acknowledge a deed transferring the land to her sons, the two defendants herein, and placed the same in a bank at Chamberlain, to be held in escrow until her death, with directions to deliver the deed upon the happening of that event. She died some time in March, 1909,

and on March 21st, the bank delivered the deed to the defendants who caused it to be recorded on March 24, 1909. In June, 1910, Lafayette Somers, the husband, brought this action to recover a one-third interest in the land, as heir of his deceased wife, and obtained a judgment for the relief demanded.

At the first trial, it was his contention that the deed to the two sons was void, for the reason that at the time the same was executed the land in controversy was a homestead, and that said deed was void because he, as husband, had not joined in its execution, and had not himself executed any transfer of the land to the defendants. The trial court sustained this contention, holding that the wife, Elizabeth Ann Somers, had never abandoned her homestead right, and that her residence of five years or more, and final proof upon her government homestead, was not an abandonment of her homestead right in the premises in controversy. The cause was appealed to this court, and in June, 1911, this ruling of the trial court was held to be erroneous and judgment of the trial court was reversed. 27 S. D. 500, 131 N. W. 1091; 36 L. R. A. (N. S.) 1024. In its decision, this court held that filing upon, occupying and making final proof upon her government homestead, constituted an abandonment by the wife of her homestead rights in the land in controversy. This court also held that the trial court had failed to ascertain and determine as a matter of fact, whether Elizabeth Ann Somers, after the abandonment of her homestead right in 1899, had acquired a new homestead right upon her return to this land, in 1906; and remanded the cause to the end that that issue might be determined by the trial court. Upon the new trial, the court received by stipulation, all the evidence adduced upon the former trial, and also additional evidence upon the part of both plaintiff and defendants, and made and entered its finding, to the effect that Elizabeth Ann Somers, upon her return to the land, acquired and established a new homestead right therein, and that her conveyance thereafter made to the defendants, was void, and again entered judgment for plaintiff. From this judgment and an order overruling their motion for a new trial, defendants have brought this appeal, and contend that the evidence is wholly insufficient to show that Elizabeth Ann Somers on her return to the land in 1906, acquired a homestead right therein.

[2-3] Appellants strongly urge that the finding of the trial court is against the preponderance of the evidence, for the reason that it shows that Elizabeth Ann Somers, after her return, was merely living with her adult children, as a member of their family, and for that reason did not become the head of a family, entitled to a homestead right. The evidence conclusively shows that when she returned to the land in 1906, it was occupied by a married son and his wife, and another unmarried son, 27 years of age, living together as one family, and entirely self supporting. There was no person in any manner dependent upon, or who at that time had any legal or moral claim to support from her. Did she assume the functions of head of the family then occupying the land? We think not. But the real question under the evidence, we think, is whether she was herself in actual occupancy and control of the land?

Section 4, article 21 of the Constitution requires the Legislature to enact wholesome laws exempting to all heads of families a homestead, the value of which shall be limited and defined by law. In obedience to this constitutional requirement, the legislative assembly, by chapter 86, Laws of 1890, provided for a homestead exemption which followed the language of the Constitution and extended the homestead exemption to "heads of families" only. But in 1903, the legislative assembly changed the law of 1890, by extending the exemption to "the family" instead of the "head of the family," and declared that a family might consist of only one person in the actual occupancy of the homestead. (Rev. Code, 1903, §§ 3215-3235 Pol. Code.) It is too plain to require discussion, that the constitutional provision referred to, is not in itself, an exemption law, nor self executing, but only a mandate to the Legislature to extend the homestead exemption to heads of families. Statutes creating and defining homestead rights and exemptions differ materially in different states. Such statutes generally require that the person to whom an exemption of homestead is extended, shall be the head of a family, or recognize husband and wife as the united head of the family for homestead purposes. Under some statutes, an unmarried person who supports dependents having some moral or legal claim to support, is recognized as the head of a family or household, and the right of exemption is extended to such person.

Under such statutes, a family necessarily consists of more than one person. The homestead right, however, within constitutional limitations, is one clearly a matter of legislative discretion, and may be conferred upon any person or class of persons of its own choosing. Where the right is conferred upon the head of a family, it may declare who shall be considered the head of a family. Where it is conferred upon the family, it may declare of whom the family shall consist. As is said in Waples on Homestead and Exemption, (Pg. 98, par. 11): "The true rule is, follow the statute." Sec. 3215 of the Pol. Code, (Rev. Code, 1903) declares: "The homestead of every family, resident in this state, *as hereinafter defined,* to the extent of five thousand dollars in value, whether such homestead be owned by the husband or wife, so long as it continues to possess the character of a homestead, shall be exempt from judicial sale, from judgment lien, and from all mesne or final process from any court." Sec. 3216: "A widow or widower, though without children, shall be deemed a family while continuing to occupy the house used as such, at the time of the death of the husband or wife." Sec. 3235: "Every family, whether consisting of one or more persons in actual occupancy of a homestead, as defined in this chapter, shall be deemed and held to be, a family, within the meaning of this chapter." By section 3215, supra, the homestead right and exemption are extended to "every family, resident in this state." Under section 3235 supra, "One or more" persons, in actual occupancy of a homestead, shall be deemed and held to be a family within the meaning of that chapter. It follows that "one person," in the actual occupancy of a homestead, constituted a family within the homestead law, and the statute nowhere declares that the existence of persons dependent, is a condition to the acquisition and assertion of the homestead right. The trial court found that: "On September 4, 1906, she (Elizabeth Ann Somers) left and abandoned her home on the government homestead * * * and resumed her residence and made her home on the premises in controversy in this action, and from September 4, 1906, down to the time of her death resided upon and occupied the land described in the complaint, as her homestead * * * and was the head of a family." The court further found that: "She resumed and exercised the same authority and

control over it (the land) as she had exercised at the time her husband left her in 1888, until she filed on the government homestead, which authority and control continued all the time from September 4, 1906, until her death."

[4-5] The sufficiency of the evidence to sustain these findings, is challenged by appellants' assignments of error.

A careful examination of the evidence in the record, leads us to the conclusion that these findings of the trial court are clearly against the preponderance of the evidence. The burden of proof was upon the plaintiff to show the existence of the homestead right in the deceased wife, at the time her conveyance to the defendants became operative. If a resumption of control over the premises in controversy, or over the adult children occupying the premises, at the time she returned thereto, was essential to the creation of a new homestead right in her, and we think it was, there is little, if any evidence in the record, to show it. The very great preponderance of the evidence is to the contrary, and we think clearly shows that the married son and his wife, and the adult, unmarried son, exercised the same control, use and management of the land, after her return in 1906, that was exercised by them during the years of her absence and residence on the government homestead. We think it clearly shows, that after her return, she lived with them as a member of their family, and that she acquired no new homestead right, after her return.

It follows that the order and judgment of the trial court must be reversed and the cause remanded for a new trial.

WHITING, J. I concur in the result reached.