SOMERS, Respondent, v. SOMERS et al., Appellants.

(149 N. W. 559.)

1. **Appeal—Reversal—Proceedings in Trial Court—Mandate, for New Trial—Misapprehension by Trial Court.**

A judgment having been reversed by Supreme Court, and case remanded to trial court to determine question of homestead in the light of views of Supreme Court as to effect of loss of homestead in the land in controversy by the taking up of certain government land, held, that such mandate necessarily contemplated a new trial, and the trial court, having, by misapprehension of the scope of Supreme Court's opinion,

entered findings and judgment without a re-trial, properly vacated the same and re-tried the case.

2. **Supreme Court, Jurisdiction of, on Appeal—Determination of Facts—Directing Final Judgment.**

While the Supreme Court, on appeal, may direct trial court to enter judgment when its views of the law are such as to determine, absolutely and finally, the rights of the parties, its jurisdiction is strictly appellate; and while, in equity cases, it may vacate findings of fact when against preponderance of evidence, it cannot determine issues of fact, or direct entry of particular findings by trial court.

3. **Appeal—Error—Disposition of Case by Supreme Court, When—Undisputed Facts.**

It is only when all the facts are absolutely undisputed, and such that but one conclusion can be drawn therefrom by reasonable men, that the Supreme Court may direct entry of judgment by trial court, in which case the rights of the parties are determined by Supreme Court solely as questions of law; and the fact that that Court had once reversed an equity case on matters of law, does not justify it in making findings of fact in accord with preponderance of evidence, or in directing trial court to make them.

4. **Homestead—Conveyance of—Husband's Right—Burden of Proof.**

Where a husband, after death of his wife, sues to set aside a deed executed by her, conveying land which she separately owned, **held,** the burden was on him to show facts entitling him to an interest in the land as husband of decedent, to do which it was necessary for him to prove that at time of the conveyance the premises constituted a homestead.

5. **Homestead—"Family"—"Head of Family"—Sufficiency of Evidence to Establish.**

Where a woman left her homestead in charge of her sons, and took up her residence on government land entered as a homestead, and continued to live there until she proved up, after which she returned to the land from which she moved, **held,** that the evidence aduced on the trial is insufficient to establish that such residence constituted her a "family," or "the head of a family," so as to render the land her homestead, under Pol. Code, Sec. 3215, and Code Civ. Proc., Sec. 325; but that the preponderance of evidence shows she did not resume control of the land she had so formerly left, but that she returned to and became a dependent upon her children, with whom she lived.

(Opinion filed November 30, 1914.)

On rehearing. Reversed, and remanded for further proceedings.

For former opinion, see 33 S. D. 551, 146 N. W. 716.

*H. C. Preston,* and *Edward E. Wagner,* for Appellants.

*Brown & Brown,* for Respondent.

[2] Under point two of the opinion, Appellants cited: Goldberg v. Sisseton Loan & Title Co., 24 S. D. 49; Archer v. Stubbs Sheep Co., 25 S. D. 399.

SMITH, P. J. This case is before us on rehearing, petitioned for both by appellants and respondent. The former decision will be found in 33 S. D. 551, 146 N. W. 716. Appellants seek an order directing the trial court to enter judgment for appellants, on findings of fact heretofore made by the trial court and vacated as shown by the record on a former appeal. 27 S. D. 500, 131 N. W. 1091, 36 L. R. A. (N. S.) 1024. The right of appellants to demand such order was predicated on alleged exceptions taken at the last trial. Our decision in the present case did not determine the question presented, because of the supposed absence of exceptions to the ruling of the trial court vacating findings and judgment in favor of appellants. The trial court at first assumed that the former decision (27 S. D. 500, 131 N. W. 1091, 36 L. R. A. [N. S.] 1024) so directed, but later vacated the findings and judgment as erroneous. Appellants' petition for rehearing calls our attention to portions of the record showing that exceptions to this order were in fact taken, which were overlooked, because the same appeared in the record before the ruling, and not after it, as in the usual sequence of proceedings. We have now examined the ruling complained of, and are of opinion the trial court was right in vacating its findings and judgment and proceeding with the new trial. A new trial necessarily followed the reversal, as indicated by the following excerpt:

"The case must be remanded to the trial court, that it may determine the question of homestead in the light of this court's views as to the effect of the loss of homestead in this land by the taking of the government land."

[1] The vital issue upon the new trial was thus pointed out for the guidance of the trial court, but did not obviate the necessity of a new trial. The trial court did not err in setting aside its findings and judgment, inadvertently entered under a misap-

prehension of the effect of the opinion rendered on the first appeal.

[2] Appellants, however, insist upon this appeal that the court should direct findings and judgment in their favor upon the record before us, if it should be determined that the evidence does not sustain the findings and judgment of the trial court, because it should be assumed that, the two trials having already been had, all available evidence is before the court in the present record. It is not to be doubted that this court may direct the trial court to enter a final judgment when the views expressed by the court are such as to determine aboslutely and finally, as matters of law, the rights of the parties. Archer v. Tubbs Sheep Co., 25 S. D. 399, 126 N. W. 577. But it must be remembered that the jurisdiction of this court is strictly appellate, and that it is without jurisdiction to determine issues of fact, or to direct the decisions of trial courts. It is settled law in this state that this court may vacate findings of fact made by a trial court in equity cases, whenever in the judgment of this court such findings are against the preponderance of evidence. In such cases this court does nothing more than correct an error of the trial court. But it would require an amendment to the Constitution to vest in this court jurisdiction to determine questions of fact, or to direct the entry of particular findings by a trial court.

[3] It is only when the whole facts are absolutely undisputed, and are such that but one conclusion can be drawn therefrom by reasonable men, that this court may direct the entry of a judgment by the trial court. In such case the rights of parties litigant are determined by this court solely as questions of law, and this court may then direct the appropriate judgment. Should the people see fit to amend the Constitution in such manner as to permit appropriate legislation, and the Legislature, in its wisdom, see fit to vest this court with the necessary jurisdiction, the evils of successive reversals, so strongly urged by appellants' counsel, may be remedied. But this court cannot and will not arrogate to itself an authority or jurisdiction denied it by the Constitution of the state, in an attempt to correct alleged evils of which the framers of the Constitution must be deemed to have been fully cognizant when they limited the jurisdiction of this court to corrections of errors in law, and denied it authority to substitute its decisions

on matters of fact for those of trial courts and juries. This is an equity case, and it is true this court has once reversed the trial court in this case upon matters of law; but this cannot justify us in assuming to make findings of fact in accord with the preponderance of evidence, or in directing the trial court to make them. But we shall not hesitate to vacate findings which we deem to be against the weight of the evidence, as we may properly do in all equity cases. A sufficiently full statement of the facts in this case appears in our former opinion, and it is only necessary here very briefly to recapitulate such facts as are pertinent to the particular matters urged on the rehearing.

[4] On the first appeal, this court held as matter of law upon undisputed facts that Elizabeth Ann Somers abandoned her homestead rights in the land in dispute, by filing, moving onto, and making final proof upon her government homestead. Upon the new trial, the court so held, but further found as a fact that on September 4, 1906, she left and abandoned her home on her government homestead, and resumed her residence and made her home on the premises in controversy, and continued her residence upon and her occupancy of said premises to the time of her death, and was the head of the family, and during said time defendant Fred Somers lived with her as a member of the family, and during part of the time the defendant Peolia L. Somers and his wife lived with them as members of the family. The trial court, as conclusions of law, held that from September 4, 1906, to the time of her death, the land in controversy was her legal homestead, and that her deed to defendants, dated February 24, 1908, delivered at the time of her death, on March 24, 1908, not being signed by her husband, the plaintiff, was wholly void, and of no effect. The judgment decrees that plaintiff is entitled to an undivided one-third interest in the land.

Appellants' contention is that the findings, conclusion, and judgment are against the preponderance, and are contrary to the weight, of the evidence. The burden of proof is on plaintiff to show facts which entitle him to an interest in the land as the husband of Elizabeth Ann Somers, deceased, and to do this he must establish the fact that at the time of the execution and delivery of the deed the premises in dispute were her homestead. Subdivision 7, § 5127, Comp. Laws 1887 (Code Civ. Proc.), ex-

empted the homestead "as defined by law." Section 2449 (Pol. Code) exempts the homestead of "every family resident in this state, as hereinafter defined." Section 2452, 2455-2457, define the homestead; and section 2450 declares that:

'A widow or widower, though without children, shall be deemed a family while continuing to occupy the house used as such at the time of the death of the husband or wife."

Section 2467 declares that:

"Every family, whether consisting of one or more persons, in actual occupancy of a homestead as defined in this chapter, shall be deemed and held to be a family within the meaning of this chapter."

Under these provisions of Comp. Laws 1887, the homestead exemption was to the "family" as therein defined. Hesnard v. Plunkett, 6 S. D. 73, 60 N. W. 159. In 1890 (chapter 86) the Legislature changed the law as contained in Comp. Laws 1887, by amending sections 5127-5129 (Code Civ. Proc.) so as to exempt from all levy, process, or sale a homestead, defined therein, "to all heads of families," conforming the law to section 4, art. 21, of the Constitution, which required the Legislature to enact general laws exempting a homestead "to all heads of families." The act of 1890, however, did not purport to amend section 2449, Comp. Laws 1887, being in the then existing Political Code, which gave the exemption to "every family," etc. In 1903, by section 3215, Pol. Code, the Legislature re-enacted section 2449, Comp. Laws 1887 (exemption to family), and by section 345, Code Civ. Proc., re-enacted section 1, c. 86, Laws 1890, giving the homestead exemption "to all heads of families." Therefore, as the law now stands, the Political Code gives the exemption to "families," while the Code of Civil Procedure gives it to the "heads of families."

[5] The statement in our former opinion that "in 1903 the legislative assembly changed the law of 1890, by extending the exemption to 'the family,' instead of the 'head of the family,'" was inadvertent. In the view we take of this case, however, we do not deem it material, as we find it unnecessary to determine the effect of the language used in the Political Code and that found in the Code of Civil Procedure, or whether the homestead exemption is to the "family" or to "the head of the family." The

trial court found that Elizabeth Ann Somers, after abandoning her residence upon her government homestead, returned to the land in dispute, and re-established her homestead right thereon. Appellants contend that this finding is against the preponderance of the evidence and should be vacated. The evidence in the record before us is substantially the same as upon the former apepal. 27 S. D. 500, 131 N. W. 1091, 36 L. R. A. (N. S.) 1024. Upon that appeal this court said:

"Did she acquire a homestead interest in the land in suit upon her return thereto? This is a question that could not have been passed upon by the trial court, inasmuch as it erroneously found that the wife, never lost her homestead interest therein while upon her government homestead."

This statement is followed by a recapitulation of undisputed facts. The court said:

"Can this court hold that with such evidence in the record (though there is some that might be construed as showing the mother to be the head of the family) the trial court would have found this land to be the mother's homestead, when deed to appellants was executed, if he had rightfully found that she had previously lost her homestead rights therein? We cannot so hold."

Upon the new trial, the trial court did "so hold." The question before us at this time is wether the finding is sustained by a preponderance of the evidence. The evidence is so fully stated in our former decision that a restatement here is unnecessary. We are clearly of opinion that the finding of the trial court is against the preponderance of the evidence and must be reversed. It is immaterial, in this case, whether the exemption be to "the family," or to "the head of the family," or whether Mrs. Somers alone could have become both the head of the family and a family. The preponderance of the evidence shows that she did not resume control of the land, nor did she become the head of the family, which for five years of her residence upon her government homestead had occupied and controlled the premises, although the title remained in her. She returned to and became a dependent upon her children, with precisely the same effect as though such children had been residing upon premises not owned by her. She found a "home," but did not establish a "homestead right."

It follows that the findings, conclusions, and judgment of the trial court must be reversed, and the case remanded for further proceedings in accordance with the views herein expressed.