OSWALD ET AL., Appellants, *v.* McCAULEY ET AL., Respondents.

**Homestead, Character of Estate to Constitute.**

> There being no qualification in the homestead act as to the character of the estate, a judgment debtor may claim a homestead in an undivided interest in land. The test is, if the interest is such that it could be sold on execution, it can be claimed as a homestead against a creditor.

(Argued February 7, 1889; affirmed February 19; opinion filed June 3, 1889.)

APPEAL from the district court, Cass county; Hon. W. B. McCONNELL, Judge.

*Alf. E. Royesen* (*Thomas & Davis*, of counsel), for appellants.

A party claiming a homestead must be the owner of it. This position is strengthened by the definition of ownership found in the C. C., § 159. An undivided ownership is inconsistent with the homestead act and this definition. This view is in accord with the authorities. West v. Ward, 26 Wis. 579; Wolf v. Fleischaker, 5 Cal. 244; Giblin v. Jordon, 6 id. 416; Elias v Verdugo, 37 id. 421; Kingsley v. Kingsley, 39 id. 67; Thurston v. Maddocks, 6 Allen, 427; Bemis v. Driscoll, 101 Mass. 420.

In the leading case holding the opposite doctrine (Thorne v. Thorne, 14 Ia. 54), the court mentions the California decisions,

but claims that the reason there given would not apply under their peculiar statute. The case of Hewitt v. Ranken, 41 Ia. 35, is based merely upon the former decision. It is not difficult to see the distinction between the language of our statute, which uses the language, " as hereinafter defined," limiting the homestead right to what is defined as a homestead in the statute, and that of Iowa providing, in effect, that the homestead, whatever its nature, shall be exempt, except where the statute excepts specifically.

The case of Horn v. Tuffs, 39 N. H. 478, and McClary v. Bixby, 36 Vt. 254, are as equally distinguishable from the case at bar.

It is evident from an examination of our statute that its provisions were copied from those of Iowa with the exception of the first section. But the Iowa statute has not the provisions of ours with reference to platting the homestead out by metes and bounds. In this respect ours agrees substantially with that of Wisconsin. Before the adoption of our law the opinion in the case of Thorne v. Thorne had been rendered, but the compilers left out the section on which the case was based, and adopted the provisions embodied in the Wisconsin act referring to the selection and platting of the homestead, which had at that time received an interpretation by the Wisconsin courts. Hence, under the rules of construction of statutes taken from other states, the case of West v. Ward, *supra*, ought to be followed.

*C. E. Joslin*, for respondents.

There might be force in the argument of appellants if the interest claimed exceeded that allowed by law, but the record shows that it was an estate less than could be lawfully held. The true test is, was it an interest that could be sold on execution? Conklin v. Foster, 57 Ill. 197; Bartholomew v. West, 2 Dill. 293; Deere v. Chapman, 25 Ill. 612; Thomp., §§ 164, 165, 180, 181, 182; Spencer v. Geissmen, 37 Cal. 99; Brooks v. Hyde, id. 373; Freeman, Ex., §§ 242, 243, 244; Tarrant v. Swain, 15 Kan. 149.

The contrary rule is founded on convenience merely. Thompson, § 183; Thurston v. Maddocks, 6 Allen, 430; Bemis v. Driscoll, 101 Mass. 321; 97 id. 392; Wolf v. Fleischacker, 5 Cal. 245; West v. Ward, 26 Wis. 580.

In Vermont and Iowa the force of the reason of these decisions

is denied.  Thompson, §§ 186, 187, 188 ; McClary v. Bixby, 36
Vt. 254 ; Thorn v. Thorn, 14 Ia. 54 ; Hewitt v. Rankin, 41 id. 35.

Counsel are in error in their statement that the provisions
of our statute in reference to platting the homestead is not con-
tained in the Iowa statute.  Also, that our provision on this sub-
ject is from Wisconsin.  An examination will show that the act
is from Iowa where it received a construction before its adoption
here.

The early Wisconsin doctrine has been modified by statute.
As to the early rule in California its court has admitted it to be
harsh, but as it had become a rule of property the court refused
to disturb it.  An examination of the Massachusetts statutes will
show those cases inapplicable.

CARLAND, J.  The appellants, being judgment creditors of
respondents, commenced an action in the district court of Cass
county, for the purpose of subjecting the property hereinafter
mentioned to the lien of their judgment.  The respondents
claimed the same as a homestead.  The trial court found that re-
spondent Frank B. McCauley owned an undivided half of lots 2
and 3 in block 2 of Keeny & Devitt's addition to the city of
Fargo; that respondent Benjamin P. Reynolds owned an un-
divided one-half of said lot 3, but had no interest in said lot 2;
that McCauley had occupied with his family the second story of
the buildings on lots 2 and 3 as a place of residence for more than
three years, using the first floor thereof as a place of business;
that respondent Reynolds owned and occupied lot 4 in block 2 of
said addition as a place of residence for himself and family, and
occupied the ground floor of said lot 3 as a place of business, lot
3 being contiguous to lot 4; that Reynolds and wife had filed
their certificate of homestead for lot 4, and the half interest in lot
3, as required by law; that McCauley and wife had filed their
certificate of homestead for their half interest in lots 2 and 3;
that each of said lots was twenty-five by one hundred and forty
feet, and that the whole of the three lots were less than one acre
in extent.  The trial court held the premises to be the homesteads,
respectively, of Frank B. McCauley and Benjamin P. Reynolds,
and not subject to the lien of the judgment of appellants.

It will thus be seen that the only question presented by the record is, can a homestead be claimed in this territory in an undivided interest in land ? In determining this question it must be borne in mind that this is a contest between a creditor and the homestead claimant, and what we shall have to say must be considered as expressing our views in cases where the creditor is contesting the homestead right, rather than where a co-tenant or owner of the land is contesting it. On grounds of public policy the legislature, in order to preserve the integrity of the family from the disasters resulting from the varying fortunes of men, has withdrawn from the reach of the creditor the property of the debtor which is used by his family as a home. The legislature has in no wise prescribed that this right of homestead shall depend upon the character of the estate owned by the debtor or homestead claimant, and it seems to us that a court which will, in the face of the principles underlying the establishment of this right of homestead, seek to destroy it merely on the ground that in some instances it is difficult to carve out the homestead, will find its decision based upon difficulties more apparent than real.

We believe the true test to be that if the homestead, if not exempt, could be sold on execution, then it is property in which a homestead can be claimed as against a creditor. Take the case at bar. If these appellants should purchase at execution sale the interest of these respondents in the premises described, would they have any difficulty in obtaining partition ? Still they say to these respondents : " You can claim no homestead in these premises, because you cannot carve out a homestead from them." We think that by virtue of section 14, chapter 38, of the Political Code, the court is authorized at all times to ascertain and define the homestead. In this case, however, the appellants are not in a position to urge the matter of difficulty in carving out the respondents' homesteads, as the premises are within a town plat, and do not exceed one acre in extent. We are aware that the decisions are not uniform on the question of whether a homestead can be claimed in an undivided interest in land — Vermont, Iowa, Texas, Kansas, New Hampshire and Arkansas holding in the affirmative, and Massachusetts, California, Minnesota, Wisconsin and Michigan in the negative. As the statute of this territory

has not limited the right of homestead to any particular estate in land, and as we believe the legislature intended to withdraw from the reach of the creditor the property used as a home by the debtor, we shall concur in the views expressed by Mr. Freeman in his work on Co-Tenancy and Partition, § 54 : " But we see no sufficient reason, even in the absence of statutes bearing directly upon the subject, for holding that a general homestead act does not apply to lands held in co-tenancy. The fact that a homestead claim might savor of such an assumption of an exclusive right as is inconsistent with the rights of the other co-tenant, and that the maintenance of such claim might interfere with proceedings for partition, form no very satisfactory reason for denying the exemption. If the rights of the other co-tenant are threatened or endangered, he alone should be permitted to call for protection and redress. The law will not sanction any use of the homestead in prejudice of his rights. But as long as his interests are respected, or so nearly respected that he feels no inclination to complain, why should some person having no interest in the co-tenancy be allowed to avail himself of the law of co-tenancy for his own and not for a co-tenant's gain ? The homestead laws have an object perfectly well understood, and in the promotion of which courts may well employ the most liberal and humane rules of interpretation. This object is to assure to the unfortunate debtor, and his equally unfortunate but more helpless family, the shelter and influence of home. A co-tenant may lawfully occupy every parcel of the lands of the co-tenancy. He may employ them not merely for cultivation or for other means of making profits, but may also build houses and barns, plant shrubs and flowers, and surround himself with all the comforts of home. His wife and children may of right occupy and enjoy the premises with him. Upon the land, of which he is but a part owner, he may, and in fact he frequently does, obtain all the advantages of a home. These advantages are none the less worthy of being secured to him and his family in adversity because the other co-tenants are entitled to equal advantages in the same home. That he has not the whole is a very unsatisfactory and a very inhumane reason for depriving him of that which he has." Mr. Thompson, in his work on Homesteads and Exemptions, § 188, says : " One can easily

imagine cases where the rule that there can be no homestead in estates held in common would work peculiar hardship to poor debtors, and defeat the apparent purposes of the homestead laws. Thus, the parents die, leaving two sons, their sole heirs, in possession of the home farm. They, finding the premises incapable of an equitable partition without sale, and knowing that the property would be sacrificed by sale, determine to reside together, with their respective families, in the common dwelling, and work the farm in common. Under the view animadverted upon, neither can claim a homestead therein as against creditors, although the value of his interest is less than the value of the statutory exemption. But it is not necessary to search the imagination for hard cases, for the books furnish them. Thus, in one case the right of homestead was denied in lands held by a husband, his wife, and their child as tenants in common. It was also denied in favor of a creditor to a tenant who was the sole occupant of premises, holding title to an undivided seventeen-eighteenths of the entire estate, which title he had purchased under the belief. that he had acquired the entire estate. The absurdity of such rulings is illustrated by the fact that if he had been a naked trespasser disputing the title of the real owner the same court would have accorded to him the benefit of the exemption as against his creditor." We prefer to base our decision upon the law construed by the aid of humane principles, rather than upon the technical doctrine of *ab inconvenienti*, and, therefore, hold that the lower court did not err in adjudging that the respondents were entitled to claim a homestead in land held as co-tenants. Judgment affirmed.