YELLOW-HAIR, Appellant, v. PRATT et al, Respondents.

(169 N. W. 515).

(File No. 4354.   Opinion filed Nov. 29, 1918).

(1).   Appeals—Error—View—Failure to Disclose Requested Findings—Ineffectual Assignment.

Where the record fails to disclose what findings were requested, an assignment of error on court's failure to make proposed findings, will not be considered on appeal.

(2).   Homesteads—Remarriage of Wife, Effect re Abandonment of Homestead—Failure to Make Finding Re Abandonment, Effect.

Appellant's contention that trial court, upon a trial involving the right to hold the property in question as a homestead, proceeded upon theory that the question involved, was one of legal effect of her remarriage and not one of her intent concerning abandonment of the homestead, is not pertinent, there being nothing of record to determine that such was the theory of trial court, it not having made any finding on question of abandonment.

(3).   **Same—Remarriage of Wife, Effect re Forfeiture of Homestead —Homestead to "Family."**

Remarriage of a wife having a small child who with her had resided upon the lot in question separately from her then husband, does not of itself and as a matter of law work forfeiture of the homestead.   So held, construing Pol. Code, Sec. 3215, giving homestead exemption to the "family," and this regardless of whether such homestead be "owned by the husband or the wife."

(4).   **Same—Trial, Issue of Abandonment—Findings Not Embracing Abandonment—Findings Merely Evidentiary—Trial Court's Duty.**

If, as both parties contend on appeal, the real question before trial court was whether appellant had abandoned her homestead, then all facts found by trial court, touching issue of abandonment were but evidentiary facts from which it was that court's duty to make a finding upon such ultimate issue as to abandonment.

(5).   **Same—Establishing Homestead Character—Abandonment, Intent, Essentiality Of—Burden of Proof.**

In determining whether the homestead character has attached to land, the intent of the owner is an essential element in determining whether the homestead has been abandoned; as upon the intent with which an act was done may well rest the question whether it constitutes abandonment.   **Held,** further, that, it clearly appearing that the property was formerly appellant's homestead, the burden was upon respondents, who were proceeding to sell the property under execution, to show, not merely that appellant had moved therefrom, but that it was her purpose to abandon same as her homestead.

(6).   **Same—Abandonment—Removal for Health or Business, Effect re Abandonment.**

The mere fact that appellant moved from certain realty which was then her homestead and resided elsewhere for purposes of health or business, does not work an abandonment, unless such abandonment is coupled with an intent not to return to such property as a home.   So held, where appellant rented the homestead where she and her child had been living

separately from her then husband and went to reside at an Indian agency where she was employed, she having thereafter remarried to one who was in government employ there; she having thereafter ceased to work for the government, but continued to live with her husband in a government building, he being still a government employee.

Appeal from Circuit Court, Charles Mix County. Hon. Robert B. Tripp, Judge.

Action by Maria B. Sweeney Yellow-hair, against C. W. Pratt and Dan Lynch, as Sheriff of Charles Mix County, South Dakota, to enjoin an execution sale of realty. From a judgment in favor of defendants, and from an order denying a new trial, plaintiff appeals. Reversed.

*Caster & Baker,* and *C. H. Bartelt,* for Appellant.

*J. E. Tipton,* for Respondents.

(3) To point three of the opinion, Appellant cited:

Secs. 3215, 3235, Pol. Code; Somers v. Somers, 34 S. D. 594, 149 N. W. 559; Dieter v. Fraine, (N. D.) 128 N. W. 684; Healy v. Bismarck Bank, et al., (N. D.) 153 N. W. 392; Davis v. Neal, L. R. A. (N. S.) 1916 A. (Ark.) 999 and annotations;

(5) To point five, Appellant cited:

Union Stock Yards National Bank of South Omaha v. Smout, (Neb.) 87 N. W. 14.

Respondent cited:

Smith v. Spafford, 112 N. W., 965; Jarvais v. Moe, 38 Wis., 440.

WHITING, P. J. This action was brought to restrain an execution sale of certain real estate, the sole question in issue being whether or not the real estate in question was the homestead of plaintiff. The cause was tried to the court without a jury. The court made findings of fact and thereon entered conclusions and judgment in favor of the defendants. From such judgment and an order denying a new trial this appeal was taken.

[1] Appellant assigns the insufficiency of the evidence to support the findings. There is no merit in this assignment as the findings made are fully supported by the evidence. Appellant also assigns error in the court's failure to make findings proposed by appellant, but, inasmuch as the printed record does not disclose what findings were requested, we cannot consider such assignment. It is, however, perfectly apparent that there are certain

alleged facts discussed in appellant's brief in support of which facts evidence was received, and upon which facts findings should have been made.

There is left for our consideration but the one question as to whether or not the findings support the conclusions and judgment. Without going into detail as to the facts found it is sufficient to say that they disclose that the property in question became the homestead of appellant about the year 1909. She then resided thereon with her then husband, and continued to reside thereon until about January, 1915, having meanwhile separated from her husband. From July, 1911, there has resided with, and been dependent upon her, a small child, her niece. About January, 1915, appellant rented this property and went to live temporarily with a daughter. After a few months she entered the employ of the federal government, residing during such employment at an Indian agency and in buildings provided by the government. In October, 1916, she remarried, marrying a party who also was in the government employ at such agency. Thereafter she ceased to work for the government, but continued to live with her husband in a government building, he continuing to be an employe of the government. The execution was issued after such marriage. The property in question has been rented continuously from the time appellant left same, but she retained a room in the house, and kept therein some of her furniture. A part of such furniture, but not all, was removed upon her remarriage. The court made no finding whatsoever as regards whether appellant ever intended to abandon her homestead rights.

[1] Appellant asserts that it was the theory of the trial court and the sole basis for its conclusions that the question involved here is not one as to the intent of appellant, but solely one as to the legal effect of her remarriage—that the trial court was of the opinion that, although this property actually continued to be the homestead of appellant up to the time of her remarriage, yet by such remarriage she forefeited the homestead right in said property. There is nothing before us from which we can determine for a certainty that such was the theory upon which the trial court acted. Respondents, however, contend that the only question before this court is one of fact—whether the facts found show an

abandonment of the homestead as such. They contend that the court has found this fact in favor of respondents, that there was evidence to suport such finding, and that this court should not disturb same. But the trial court did not make any finding on the question of abandonment.

[3] Of course it is perfectly clear that, if appellant's remarriage did, as a matter of law, work a forfeiture of her homstead right, then the trial court's findings were ample to support its conclusion that the land was not, at the time of the levy, the homestead of appellant. But respondents seem to concede that such remarriage did not in and of itself, as a matter of law, work such forfeiture. That respondents are right in such concession is beyond question in view of section 3215, Pol. Code, which gives the homestead exemption to the "family," and this regardless of whether such homestead "be owned by the husband or wife." Somers v. Somers, 34 S. D. 594, 149 N. W. 559. See, also, Dieter v. Fraine, 20 N. D. 484, 128 N. W. 684, holding the same without any statute like our section 3215, supra.

[4, 5] But if, as both parties now contend, the real question of fact before the trial court was whether or not appellant had abandoned her homestead, then all the facts found by the trial court, touching this issue of abandonment, were but evidentiary facts from which it was the duty of the trial court to make a finding upon such ultimate issue as to abandonment. This, as above noted, it failed to do, possibly because it was acting upon the theory upon which appellant asserts it based its conclusions and judgment. It is however, probably true that, if, from the evidentiary facts found, but one inference could be drawn, and that, that appellant had abandoned her homestead as such, this court would be justified in holding, as a matter of law, that there were sufficient facts—merely evidentiary though they are—to support the conclusions of the trial court. As heretofore noted by this court, the most important, and ofttimes the all-important and controlling, fact to be considered in determining whether the homestead character has attached to land is the intent of the owner. Jensen v. Griffin, 32 S. D. 613, 144 N. W. 119, 50 L. R. A. (N. S.) 1128. It is certainly just as important, in determining whether, by certain acts, one has abandoned a homestead as such, to determine the intent of the person, as upon the intent with which an act was

done may well rest entirely the question of whether the act constituted an abandonment.

[6] It being clear that this property was formerly appellant's homestead, the burden was upon respondents to show, not merely that appellant had moved from said property, but that it was her purpose to abandon the same as her homestead. The mere fact that appellant moved from this property and resided elsewhere for purposes of health or business does not work an abandonment, unless such abandonment is coupled with an intent not to return to such property as a home. Union Stockyards Nat. Bk. v. Smout, 62 Neb. 227, 87 N. W. 14. It is clear, therefore, that, in the absence of a finding upon the evidentiary fact of intent, this court cannot hold, as a matter of law, that the facts found permit of but one inference—that of abandonment by appellant of her homestead rights. We certainly cannot hold that, regardless of what appellant intended when renting her dwelling and going to live elsewhere, she abandoned her homestead as such and lost her homestead right therein. The query might well arise, when was it that the abandonment took place? Was it when she first rented her house, and this regardless of her intent? Was it when she entered the government employ? If so, why then, and not when she first moved from these premises? Was it when she remarried? If so, why, if she and her husband considered this their home, to which they might return when his employment was not such as to require him to live elsewhere? Respondent has not attempted to point out a time when this abandonment took place. It follows that the trial court's findings are insufficient to support its conclusions.

The judgment and order appealed from are reversed.