GERHART, Respondent, v. QUIRK et al, Appellants.

(209 N. W. 544.)

(File No. 5664. Opinion filed July 6, 1926.)

1. **Insane Persons—Guardianship.**

   Duly authenticated letters of guardianship held to constitute prima facie evidence of appointment of guardian of incompetent, in view of Rev. Code 1919, §§ 3173, 3182, 3499, 3507.

2. **Parties.**

   That action by guardian of incompetent was brought in her own name held technical error, which could be cured by amendment.

3. **Parties.**

   Technical error in bringing action by incompetent in name of guardian held waived, where defendants failed to object by demurrer or answer, in view of Rev. Code 1919, §§ 2306, 2352.

4. **Homestead.**

   Mere absence, even for a long period, is not in itself sufficient to establish abandonment of homestead.

5. **Judgment.**

   Courts have power to amend judgments by supplying omissions.

6. **Appeal and Error—Amendment of Findings and Judgment by Inserting Description of Real Estate After Motion for New Trial, But Before Filing of Order Denying It, Held Not Prejudicial.**

   In suit for recovery of real and personal property, amendment of findings and judgment by inserting description of real estate, after motion for new trial, but before filing of order denying it, held not prejudicial, where there was proof of description of property.

---

Note.—See, Headnote (1) American Key-Numbered Digest, Insane persons, Key-No. 35, Guardian and Ward, 28 C. J. Sec. 457; (2) Parties, Key-No. 95(2), Guardian and Ward, 28 C. J. Sec. 447; (3) Parties, Key-No. 75(2), Pleading, 31 Cyc. 738; (4) Homestead, Key-No. 161, 29 C. J. Sec. 352; (5) Judgment, Key-No. 307, 34 C. J. Sec. 460; (6) Appeal and error, Key-No. 1073(9), 4 C. J. Sec. 3049.

Appeal from Circuit Court, Hyde County; Hon. John F. Hughes, Judge.

Action by Susie Gerhart, guardian of Augustus N. Gerhart, incompetent, against Elmer Quirk and others. From judgment

for plaintiff and an order denying new trial, named defendant and another appeal. Affirmed.

*M. C. Cunningham*, of Highmore, for Appellants.

*Temmey & McClaskey*, of Huron, for Respondent.

KNIGHT, Circuit Judge. Plaintiff, as guardian of Augustus N. Gerhart, incompetent, recovered judgment requiring defendants to deliver to plaintiff as such guardian certain personal property, and requiring defendants Quirk and Harris to deliver to plaintiff, for the use, benefit and occupancy of said Gerhart, certain real property found by the court to be the homestead of said Gerhart. Defendants Quirk and Harris have appealed from said judgment and order denying new trial.

Appellants contend: (1) That letters of guardianship were erroneously received in evidence to show respondent's appointment and qualification as guardian; (2) that plaintiff is not the real party in interest, and cannot maintain the action in her own name; (3) that the evidence is insufficient to support the findings; and (4) that the trial court erred in amending its findings and judgment by inserting therein the description of the real estate, after motion for new trial, but before filing of order denying the same.

[1] 1. Section 3507, R. C. 1919, provides that guardians of incompetent persons shall give bond in like manner as prescribed with respect to guardians of minors. Section 3499 provides that, before letters of guardianship issue, the judge must require a bond with sufficient sureties and specified conditions. Section 3173 provides that the records, orders, judgments, and decrees of the county court are accorded like force, effect, and legal presumptions as the records, orders, judgments, and decrees of circuit courts. Section 3182 provides that orders and decrees made by the county court need not recite the existence of facts or the performance of acts upon which the jurisdiction of the court may depend. The letters of guardianship, being duly authenticated, were properly received, and constituted at least prima facie evidence of respondent's appointment, and, on failure of appellants to produce contrary proof, became sufficient evidence of such fact. 28 C. J. 1267; Prescott v. Cass, 9 N. H. 93; Eller v. Richardson, 89 Tenn. 575, 15 S. W. 650.

[2, 3]  2. While the better practice would have been to bring the action in the name of Augustus N. Gerhart, incompetent, by Susie Gerhart, his guardian, this was a technical error, which could have been cured by amendment, and may be disregarded. Richardson v. Kotek, 123 Minn. 360, 143 N. W. 973. Appellants, by failing to raise the objection that there was a defect of parties either by demurrer or answer, must be held to have waived the same. Section 2352, R. C. 1919. In J. I. Case Threshing Machine Co. v. Pederson et al, 6 S. D. 140, 60 N. W. 747, the following language was used:

"With certain exceptions, not applicable to the case under consideration, section 4870 of the Compiled Laws [now section 2306, R. C. 1919] provides that every action must be prosecuted in the name of the real party in interest; and, although the requirement seems to be mandatory, it is not available unless raised by answer or demurrer. * * *"

See, also, Mather v. Dunn, 11 S. D. 196, 76 N. W. 922, 74 Am. St. Rep. 788; Anderson Lumber Co. v. National Surety Co. 49 S. D. 235, 207 N. W. 53, 57.

[4]  3. The title to the real estate involved was held by a former wife of said Gerhart, and was occupied by him and said wife as their homestead at the time of her death, and continued thereafter to be so occupied by said Gerhart until early in 1919, when he went to Hot Springs and New Orleans for medical treatment. He never regained his health, but later returned to Pierre, S. D., where he resided at the time of the trial. He never acquired a homestead other than the one involved, and it did not appear that he did not intend to return thereto, and, aside from the fact of his absence, there was no evidence that he intended to abandon the same. Mere absence even for a long period of time is not in itself sufficient to establish abandonment. Warner v. Hopkins, 42 S. D. 613, 176 N. W. 746; Yellow-Hair v. Pratt, 41 S. D. 190, 169 N. W. 515; Same Case, 44 S. D. 136, 182 N. W. 702; 13 R. C. L. 648. A discussion of the further particulars in which the evidence is claimed to be insufficient would serve no useful purpose.

[5, 6]  4. That courts have power to amend judgments by supplying omissions is well established. There was proof of the

description of the property, and the failure to include such description in the original findings and judgment was a mere inadvertence, and the amendment was not prejudicial. Carney v. Twitchell, 22 S D. 521, 118 N. W. 1030; 34 C. J. 237, and numerous cases cited. For exhaustive note, see 10 R. C. L. 526.

The judgment and order appealed from are affirmed.

KNIGHT, Circuit Judge, sitting in lieu of DILLON, J.