HARTER, Respondent, v. DAVISON, Sheriff, Defendant. HANSON. GLASS AND PAINT CO., Appellant.

(220 N. W. 862.)

(File No. 5996.  Opinion filed August 10, 1928.)

*E. O. Patterson,* of Dallas, for Appellant.
*Charles A. Davis,* of Burke, for Respondent.

MISER, C. F. E. Harter, husband of respondent, mortgaged to appellant two lots with a dwelling house thereon in the town of Burke. On foreclosure by advertisement, certificate of sale was issued to appellant. Respondent brought this suit to enjoin issuance of sheriff's deed. The trial court rendered judgment for respondent, having found that Harter purchased the premises with the intent on the part of both husband and wife of occupying them as a homestead, and that, on April 13, 1922, when the mortgage was signed and delivered, the premises constituted the homestead of respondent and her husband, neither of whom owned any other real estate.

Harter bought the premises in October, 1921. When bought, they were occupied by a tenant who rented from month to month. The tenant was told three or four times by Harter that he wanted possession; and the tenant promised to vacate the premises as soon as he could find a place to go. In April, 1922—whether before or after the 13th is not clear—he moved out. As soon as the house was vacant, Harter put in new floors, built a porch and another little room, redecorated the interior, and, with his family, moved in the latter part of May. There is no question that since moving in they have continued to use and occupy the premises as their homestead; but was it their homestead on April 13th?

If it was their homestead on April 13th, the signature of respondent, who, until the following September, knew nothing of the mortgage which is the basis of appellant's claim to title, is necessary, under section 451, R. C. 1919, to give it validity. However, if it was respondent's homestead on April 13th, its homestead character was not by virtue of actual present physical occupation of the same, but depended largely upon the intent of the parties. That the homestead laws should be so construed as not to require actual present occupancy of the premises in order that they may become the homestead of the owner is well settled in this state. Kingman v. O'Callaghan, 4 S. D. 628, 638, 57 N. W. 912; Jensen v. Griffin, 32 S. D. 613, 144 N. W. 119, 50 L. R. A. (N. S.) 1128. Furthermore, this court has said that the most important, and ofttimes the all-important and controlling, fact to be considered in determining whether the homestead character has attached to land, is the intent of the owner. Yellow-Hair v. Pratt, 41 S. D. 190, 169 N. W. 515. The difficulty lies in discovering that intent.

In the case at bar, both husband and wife testify that it was bought for a home, that they at all times intended to use it as such, and that just as soon as the tenant could be induced to move, they actually occupied it as a homestead. However, inasmuch as a witness may falsely testify as to his intent and be reasonably safe from contradiction, the naked statements of interested parties are not conclusive. Jones Blue Book on Evidence, § 170. Nothing in record, however, contradicts respondent's testimony as to her intent; and, while her husband's testimony is not equally free from contradiction by his acts, the findings of the trial court are amply supported by evidence, a further review of which would serve no useful purpose. Certainly there is no clear preponderance of the evidence against the findings.

The judgment should be and is affirmed.

POLLEY, SHERWOOD, CAMPBELL, and BROWN, JJ., concur.

BURCH, P. J., disqualified and not sitting.