**In re James Robert STEPHENSON and Vicki Lynn Stephenson, Debtors.**

**James Robert STEPHENSON and Vicki Lynn Stephenson, Plaintiffs,**

v.

**STATE OF SOUTH DAKOTA, Department of Revenue, Sales Tax Division, Defendant.**

**Bankruptcy No. 182–00087.**
**Adv. No. 182–0076.**

United States Bankruptcy Court, D. South Dakota.

Nov. 21, 1983.

William E. Coester, Milbank, S.D., for plaintiffs.

Gene R. Woodle, State of S.D., Dept. of Revenue, Pierre, S.D., for defendant.

## MEMORANDUM DECISION

PEDER K. ECKER, Bankruptcy Judge.

The matter before the Court is a motion to dismiss filed by the defendant in response to a complaint requesting the avoidance of a sales tax lien filed by the debtors. The motion was brought on for hearing and the facts are not disputed.

James Robert Stephenson and Vicki Lynn Stephenson filed a joint petition for relief under Chapter 7 of the Bankruptcy Code on July 26, 1982. The debtors claimed an exemption for their equity in homestead property under state law. The claim of exemp-

tion does not exceed the maximum allowable homestead exemption. Just prior to the filing of the petition, the State of South Dakota, Department of Revenue, Sales Tax Division, filed a Notice of Tax Lien with the Register of Deeds in the county where the debtors' homestead property is located. This Notice of Tax Lien filed on July 20, 1982, advises that the debtors owe the State of South Dakota the sum of $812.00 plus statutory interest for a sales tax debt. The record contains no further details concerning the time period the tax was incurred.

After filing the petition, the debtors sold their homestead property claiming the proceeds from the voluntary sale exempt property under the South Dakota homestead exemption statute. The Revenue Department claims a lien on the debtors' exempt homestead proceeds pursuant to 11 U.S.C. § 522(c) of the Bankruptcy Code. The debtors seek to avoid the statutory tax lien pursuant to 11 U.S.C. § 545(2) of the Code.

This controversy focuses on § 522(c)(2)(C) of the Bankruptcy Code [11 U.S.C. § 522(c)(2)(C)]:

Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose, or that is determined under section 502 of this title as if such claim had arisen before the commencement of the case, except—

. . . .

(2) a lien that is—

. . . .

(C)(i) a tax lien, notice of which is properly filed; and

(ii) avoided under section 545(2) of this title.

Subsection (1) of section 522(c) governs unsecured tax liabilities determined nondischargeable and subsection (2) of section 522(c) governs liens. In the instant case, a Notice of Tax Lien was filed by the South Dakota Department of Revenue six days prior to the debtors' filing a Chapter 7 bankruptcy petition. The debtors seek to avoid such lien under 11 U.S.C. § 545(2). The Revenue Department interprets

§ 522(c)(2)(C) to allow enforcement of the tax lien against the exempt property of the debtors regardless of any lien avoidance action. The Court would be inclined to agree with the Revenue Department if the South Dakota Legislature had not chosen to opt out of the federal exemptions and provide exemptions for residents under state law.

Residents of South Dakota are not entitled to claim the federal exemptions provided by 11 U.S.C. § 522(d). Section 43–45–13 of the South Dakota Codified Laws provides that residents of the state are entitled to the exemptions granted by the state constitution and South Dakota statutes. S.D.C.L. 43–45–13 (Supp.1982). One such exemption provided by state statute is for homestead property.

Section 43–45–3 provides that a homestead as defined by and limited in chapter 43–31 is absolutely exempt and the proceeds up to $30,000.00 from the voluntary sale of a homestead are also absolutely exempt for a period of one year. S.D.C.L. 43–45–3 (Supp.1982). An absolute exemption is at all times and under all circumstances not subject to lien of judgment or levy and sale under execution except for purchase money. *Longley v. Daly,* 1 S.D. 257, 46 N.W. 247 (1890). Every protection given to the homestead right adheres to and remains with the "absolutely exempt" portion of the proceeds after receipt by the owners from a voluntary sale of the homestead property. *Christiansen v. United Nat. Bank of Vermillion,* 84 S.D. 695, 176 N.W.2d 65 (1970).

One exception to the absolute exemption provided by South Dakota statutes is that of purchase money or executions issued for the cost of material and labor in the original construction of buildings on exempt property. S.D.C.L. 43–45–8. This exception clearly does not extend to tax liens. However, the homestead exemption is subject to the tax debts of the local and county governments provided that such taxes accrue on the property and are not personal taxes. S.D.C.L. 43–31–29 (Supp.1982). Exempt homestead property is not liable for taxes levied by the state government.

S.D.C.L. 10–4–24. The homestead right is one of statutory and constitutional provisions and the legislature has the authority to exempt the homestead from any taxes it decides because there are no constitutional exemptions referring to taxation. *State ex rel. Bottum v. Knudtson,* 65 S.D. 547, 276 N.W. 150 (1937).

The State of South Dakota provides by statute that no tax levied by the State is enforceable against exempt homestead property. It is the conclusion of the Court that the State does not have a statutory tax lien against the debtors' exempt homestead property or proceeds from the voluntary sale of the homestead property because the sales tax lien did not attach when it was filed. Because the tax lien is unenforceable against the debtors' homestead at the time of filing the bankruptcy petition, 11 U.S.C. § 522(c)(2)(C) does not govern. Consequently, the debtors' liability for sales tax is an unsecured debt surviving the discharge as a nondischargeable debt under 11 U.S.C. § 523(a)(1).

This decision shall constitute findings of fact and conclusions of law pursuant to Rule 7052 of the Bankruptcy Rules and Rule 52 of the Federal Rules of Civil Procedure. Counsel for the plaintiffs shall submit an order.