In re Richard & Marcia
MAUK, Debtors.

Allan D. DOBNICKER,
Trustee, Plaintiff,

v.

CITY LOAN & SAVINGS CO., et
al., Defendants.

Bankruptcy No. 85–0259.
Related Case No. 83–01129.

United States Bankruptcy Court,
N.D. Ohio, W.D.

Dec. 17, 1985.

Richard Warren, Lima, Ohio, for defendant Herbert McElwain.

Robert L. Balyeat, Lima, Ohio, for defendant Harold Kiracofe.

Walter M. Lawson, Jr., Columbus Grove, Ohio, for defendant Robert Amstutz.

Larry Moritz, Lima, Ohio, for Van Wert Federal Sav.

## MEMORANDUM OPINION
## AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon the Complaint To Sell Free and Clear of Liens and the Debtors' Motion To Dismiss their Chapter 7 case. The Court conducted both a Trial on the Complaint and a Hearing on the Motion To Dismiss. At these proceedings the parties had the opportunity to present any evidence and arguments they wished the Court to consider. With the exception of the Defendant-Debtor's exhibits, no substantial evidence was received. The Court has reviewed the evidence, the arguments made by the parties, and the entire record in this case. Based upon that review and for the following reasons the Court finds that Judgment should be GRANTED for the Plaintiff and that the Motion To Dismiss should be DENIED.

### FACTS

The facts in this case are not subject to serious dispute. The Debtors filed their voluntary Chapter 13 Petition with this Court on June 27, 1983. The case was subsequently converted to a proceeding under Chapter 7 on May 29, 1985. The Plaintiff in this case is the Trustee appointed by this Court to administer the assets of the estate.

On the schedules which were filed with the original petition, the Debtors listed their ownership interest in a parcel of real estate which is not used as their principal residence. Although there are several existing mortgages and judgment liens against this land, there appears to be some equity in the property. In an effort to reduce that equity to cash the Trustee has filed this Complaint, wherein he seeks to sell the property free and clear of the liens and the Debtors' ownership interest.

In opposition to the Complaint, the Debtors have asserted, albeit prematurely, that the mortgage interests against the property are invalid. This argument is based on the contention that there was no valid consideration given in exchange for the mortgages. Specifically, the Debtors contend that the monies which were extended by the mortgages were without value and could not serve as sufficient consideration to support a contract. The Debtors also defend against the action on the basis that they are the beneficiaries of a land patent, and that as such no entity is entitled to acquire an interest superior to their title interest in the property. It should be noted that the Debtors have offered no evidence as to the existence of their interest in any land patent. It should also be noted that they have not paid all of the debts listed on the Petition, nor have they made arrangements to do so.

### LAW

The provisions of 11 U.S.C. Section 541(a) state in pertinent part:

(a) The commencement of a case under section 301, 302, or 303 of this title ... creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

(1) ... all legal or equitable interests of the debtor in property as of the commencement of the case.

It is well settled that the filing of a petition under Title 11 has the effect of divesting the debtor of all legal and equitable interests which he possessed prior to the filing of the petition. *Commercial Credit Business Loans, Inc. v. Northbrook Lumber Co.*, 22 B.R. 992 (N.D.Ill.1982). All such property becomes property of the bankruptcy estate. *Curry v. Associates Financial Services (In re Curry)*, 5 B.R. 282 (Bkcy.N.D.Ohio 1980). The provisions of 11 U.S.C. Section 363 state in pertinent part:

(b)(1) The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate.

Under this section a trustee is empowered to sell any property which is part of the estate, regardless of whether or not the property is encumbered by liens or mort-

gages. *See*, 2 *Collier on Bankruptcy*. 15th Ed. Section 363.01 *et seq.*

In the present case the Debtors have admitted that they have an ownership interest in the property in question. As a result of the operation of 11 U.S.C. Section 541(a) that property became part of the estate with the filing of the petition. Since the land is part of the estate, the Trustee is entitled to sell the property, subject to the liens against it. *See*, 11 U.S.C. Section 363. Although the Debtors contest the validity of the mortgages, the validity or invalidity of those interests does not negate or effect the Trustee's right to sell the property. In addition, as will be explained, any interest of the Debtors by virtue of a land patent does not defeat the Trustee's right to take possession of the property and sell it for the benefit of the creditors. This results from the fact that 11 U.S.C. Section 541(a) does not except land patent interests from inclusion in the estate. Therefore, it must be concluded that the Trustee is entitled to judgment on the Complaint, and that he should be authorized to sell the property pursuant to the provisions of 11 U.S.C. Section 363.

The Debtors have claimed that they are the beneficiaries of a land patent, and that as a result no entity, including the Trustee, may acquire a superior interest in the property. This contention is not supported by any evidence as to the existence of the patent or the Debtors' interest in it. It is also unsupported by any citation to case law or statute on point. In view of the effect which the Debtors assert should be accorded to the holder of a land patent, it is likely that such support is unavailable.

A land patent is the instrument by which the United States conveys title to public lands. 63A Am.Jur.2d *Public Lands* Section 70. Any such conveyance, in the absence of restrictions, is a conveyance of fee simple ownership. Ownership in fee simple is ownership of the entire property with the unconditional power of disposition. *See*, Black's Law Dictionary 742 (4th ed. 1968). While a patent may be the highest evidence of ownership, it can convey only those rights which are attendant to fee simple ownership. 63A Am.Jur.2d *Public Lands* Section 74. It does not convey to the patentee any right to defeat subsequent transfers which the patentee, in his capacity as fee simple owner, may execute. As a general rule, the patent merely serves in the same capacity as would a deed. The fact that it is called a patent as opposed to a deed does not change its character or effect. Similarly, it does not exempt it from the operation of 11 U.S.C. Section 541(a), inasmuch as any property interest of the debtors, including any land patent interest, would inure to the benefit of the estate. Even if the Debtors are the owners of a valid land patent, there has been no evidence as the rights or interests of the United States to convey the property. *See*, *Matter of Buroker*, Case No. 3–84–00889, (Bkcy.S.D.Ohio 1985). Therefore, it must be concluded that the Debtors' arguments on this point are without merit.

The Debtors have also argued that the mortgages against the property in question are not valid. As previously pointed out, this argument is prematurely made. However, in view of the fact that the parties have been afforded the opportunity to argue the merits of this issue, the Court will dispose of this issue at this time. *See*, *Unsecured Creditors Committee v. Farmers Savings Bank (In re Toledo Equip. Co., Inc.)*, 35 B.R. 315 (Bkcy.N.D.Ohio 1983).

It appears that the Debtors' specific contention addresses the question of whether or not there was sufficient consideration given in return for the conveyance of the mortgage. At the time the property was purchased, the mortgagee gave the Debtors a check which was used to pay the seller. The Debtors contend that because there was not an actual exchange of legal tender or other precious metal, the check was drawn on the credit of the bank. They further contend that because the bank is not authorized to issue money, there could have been nothing of value transferred at the time the check was negotiated.

 If it is assumed for the moment that the Debtors are correct, it is a well established principle that a party may not be unjustly enriched as the result of a contract in which the enriched party receives benefits that, in equity and good conscience, it is not entitled to receive. *Hummel, Sr. v. Hummel*, 133 Ohio St. 520, 14 N.E.2d 923 (1938), *Freedline v. Cielensky*, 115 Ohio App. 138, 184 N.E.2d 433 (1961). In the present case, the Debtors were able to acquire their interest as the result of the transfer of the bank's check. In other words, it was through use of the bank's check and the credit against which it was drawn that enabled the Debtors to acquire their interest in the real estate. At the time of the sale the Debtors did not tender all the consideration required by the seller for a transfer of ownership to the Debtors. As a result of its issuance of the check, the Debtors acquired their interests in the property and the bank became obligated to the seller for the amount of "credit" stated on the check. Regardless of the value of the dollars transferred, the bank became liable to the seller for something it was not otherwise required to give. This obligation was incurred as the result of a contract that the Debtor initiated and voluntarily entered into. Therefore, in the absence of evidence to demonstrate that the bank's credit was offered as a gift, it is only equitable that they receive something in return for the use of its "credit". Since it appears that at the time of the transaction the Debtors willingly offered and the bank willingly accepted a mortgage, there is no reason why this mortgage should not serve as the equitable remedy for the Debtors' use of the banks credit.

However, more basic in the Debtors' defense is the assertion that the monies lent to the Debtors by the mortgagee were not lawful tender, inasmuch as they are not supported by sufficient precious metal. Despite this contention, the Debtor agreed at the trial that Congress has the power to declare what will constitute legal tender. The Debtors also agreed at trial that the mortgagee extended them credit against the amount of federal reserve notes the mortgagee had available to it. Having made those admissions, the Debtors have said that they recognize federal reserve notes as the medium of exchange, despite the fact that the notes were represented in a form other than Federal Reserve notes. They have also admitted that federal reserve notes are legal tender, regardless of whether or not they are supported by precious metals. These admissions have the effect of contradicting the Debtors' original assertion.

Federal reserve notes have been declared by Congress to be legal tender. *See*, 31 U.S.C. Section 5103, *United States v. Rifen*, 577 F.2d 1111 (8th Cir.1978). Since a check is an authorized means by which to transfer an amount of federal reserve notes (the medium of exchange adopted by the United States), *see*, Ohio Revised Code Sections 1301.01(x), 1303.06, and since the Debtors acknowledged that they were given a check to cover the purchase price of the property, it must be concluded that there was sufficient consideration given in exchange for the mortgages.

 As for the Motion To Dismiss, a review of the record reflects that the Trustee has expended a significant amount of time and effort in the administration of this case. Furthermore, the Debtors have demonstrated no reason why their creditors should be required to resort to nonbankruptcy collection when such claims may be addressed within this bankruptcy proceeding. It appears that the filing of the Motion To Dismiss was motivated by the existence of equity in the property the Trustee intends to sell. If the case were dismissed, the Debtors would have the opportunity to dispose of that equity to the detriment of their creditors. In view of the fact that the Debtors have made no arrangement for the payment of their creditors outside of bankruptcy, there does not appear to be any reason this Court should not continue the proceedings which were voluntarily initiated by the Debtors.

In reaching these conclusions the Court has considered all the evidence and argu-

ments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

It is ORDERED that Judgment on the Complaint be, and is hereby, GRANTED for the Plaintiff. The Plaintiff will proceed with a sale of the property pursuant to applicable law.

It is FURTHER ORDERED that the Debtors' Motion To Dismiss be, and is hereby, DENIED.