**In re Caroline JOHNSON, Debtor.**

**Bankruptcy No. 484–00345.**

United States Bankruptcy Court,
D. South Dakota.

June 4, 1986.

Rick A. Yarnall, Moore, Rasmussen, Kading & McGreevy, Sioux Falls, S.D., for petitioner.

Doug Cummings, Sioux Falls, S.D., for respondent.

## MEMORANDUM DECISION

PEDER K. ECKER, Bankruptcy Judge.

### Introduction

This matter is before the Court on an objection to claimed exempt property filed on behalf of the City of Colton ("City"), Colton, South Dakota, by Attorney Rick A. Yarnall on February 19, 1985. The City substantively alleges that: 1) the debtor's May, 1984, filing of a government land patent, which was issued to an unrelated remote grantor almost one hundred years earlier (1886), does not constitute a reissuing of a land patent thereby qualifying

certain real property for exemptions provided by 43 U.S.C. § 175; and 2) the debtor may not properly claim a homestead exemption under S.D.C.L. Ch. 43–31 because it does not meet necessary statutory requirements. Attorney Doug Cummings represented Caroline Johnson, and a hearing was held in Sioux Falls, South Dakota, on November 21, 1985.

### Background

Debtor filed for relief under Chapter 7 of the Bankruptcy Code on October 25, 1984. According to her B Schedules and hearing arguments, the debtor has claimed a certain real property as exempt under either federal or state law in the amount of $8,350. This amount is also equal to the property's estimated fair market value. This property, which includes a house and lot, is known as follows:

"Lot 4, Block 7, of the First Addition to the City of Colton, Minnehaha County, South Dakota, according to the recorded plat thereof, also known as 406 South Main."

The debtor, who is approximately ninety years old and presently staying at a nursing home, did not attend the hearing. Her daughter, Mrs. Shirley M. Corbly, spoke on her behalf.[1]

The City and Mrs. Corbly have been locked in legal combat for over six years. Apparently, it all began in late 1979 when Mrs. Corbly built an addition onto the house without first obtaining a building permit. At the hearing, Mrs. Corbly represented that the house needed remodeling to accommodate wheelchairs and the addition was needed for extra living space. Coupled with a notice of lis pendens filing, the City brought a civil action against Clinton Johnson (debtor's now deceased husband), Richard Corbly (Shirley's husband), Shirley Corbly, and the debtor. The state court subsequently enjoined use or occupancy of the addition and ordered its immediate removal. After an unsuccessful state supreme court appeal and rehearing, Mrs. Corbly refused to abide by the state court's removal order and she was found in contempt. At a later February 25, 1983, "punishment" hearing, the City received a judgment against Mrs. Corbly in the amount of $7,824.90 plus costs. Shortly thereafter, the City imposed this judgment against the property.

The chain of title to this property reflects an active recent history. Included are the following transactions:

| Document | Date of Transfer | Date Filed With the Minnehaha County Register of Deeds |
|---|---|---|
| 1. Robert Bauman sold the property to Caroline Johnson (debtor) and Clinton Johnson, husband and wife, by warranty deed for one dollar and other valuable consideration. | Aug. 25, 1979 | Aug. 27, 1979 |
| 2. A satisfaction of mortgage of Bauman | | Oct. 5, 1979 |
| 3. Caroline Johnson (debtor) and Clinton Johnson sold their interest in the property to Caroline Johnson (debtor), Clinton Johnson, and Shirley Corbly (daughter), as joint tenants, by warranty deed for one dollar and other valuable consideration. | Oct. 31, 1979 | Nov. 2, 1979 |

1. Mrs. Corbly, who is involved in related bankruptcy litigation, is also a Chapter 7 debtor. As part of the debtor's case, a document purporting to provide Mrs. Corbly with the power of attor-

ney in the affairs of both the debtor and the debtor's deceased husband was introduced and admitted into evidence.

| Document | Date of Transfer | Date Filed With the Minnehaha County Register of Deeds |
|---|---|---|
| 4. City of Colton filed a notice of lis pendens with respect to CIV 79-1982. Named defendants included Clinton Johnson, Caroline Johnson (debtor), Richard Corbly (Shirley's husband), and Shirley Corbly. | | Jan. 7, 1980 |
| 5. Caroline Johnson (debtor) and Shirley Corbly sold their interest in the property to Shirley Corbly by warranty deed for one dollar and other valuable consideration. | Feb. 11, 1980 | Feb. 12, 1980 |
| 6. Shirley Corbly sold her interest in the property to Shirley Corbly and Caroline Johnson (debtor), as joint tenants, by warranty deed for one dollar and other valuable consideration. | March 20, 1981 | March 20, 1981 |
| 7. Shirley Corbly and Caroline Johnson (debtor) sold their interest in the property to Shirley Corbly by warranty deed for one dollar and other valuable consideration. | Feb. 18, 1982 | Feb. 22, 1982 |
| 8. Richard Corbly and Shirley Corbly filed a document purported to be a land patent, No. 5915, in Book 145 at Page 371. | | Aug. 30, 1982 |
| 9. Richard Corbly and Shirley Corbly filed a document purported to be a land patent, Nos. 5915 and 4499, in Book 145 at Page 439. | | Aug. 30, 1982 |
| 10. Shirley Corbly sold her interest in the property to Shirley Corbly and Caroline Johnson (debtor), as joint tenants, by warranty deed. | Sept. 7, 1982 | Sept. 8, 1982 |
| 11. Shirley Corbly and Caroline Johnson (debtor) filed an Affidavit of Homestead Claim. | Sept. 8, 1982 (Date Notarized) | Sept. 9, 1982 |
| 12. Shirley Corbly and Caroline Johnson (debtor) sold their interest in the property to Caroline Johnson (debtor), Richard Corbly, Shirley Corbly, Neal Rinehart, and Steven Rinehart, as joint tenants, by warranty deed for one dollar and other valuable consideration.[2] | May 12, 1983 | May 13, 1983 |
| 13. Shirley Corbly sold her interest in the property to Caroline Johnson (debtor), Richard Corbly, Neal Rinehart, and Steven Rinehart, as joint tenants, by warranty deed for | May 23, 1984 | May 23, 1984 |

2. Neal and Steven Rinehart are Shirley Corbly's sons. According to an Affidavit of Claim of Homestead introduced in a related case, Neal Rinehart was living at the property in question on June 3, 1983.

| Document | Date of Transfer | Date Filed With the Minnehaha County Register of Deeds |
|---|---|---|
| one dollar and other valuable consideration. | | |
| 14. Caroline Johnson (debtor) gave the Good Samaritan Society Nursing Home a mortgage as security for the payment of $4,947.50 at 12 percent. According to the mortgage, there was a promissory note which was included as part of the transaction and payable on demand. This mortgage included a relinquishment of homestead rights clause. | May 25, 1984 | June 1, 1984 |

Introduced into evidence was a copy of a federal homestead patent which was issued to John E. Colton on June 13, 1886. This patent represented fee simple ownership in certain real property known as follows: "northeast quarter of section twenty seven ... township one hundred and four north range fifty one west of the Fifth Principal Meridian in Dakota Territory, containing one hundred and sixty acres." Apparently, Mrs. Corbly filed this with the Minnehaha County Register of Deeds on May 4, 1984. No one was living in the house at the time of the Chapter 7 petition filing.

## Issues

The principal issues raised are: 1) Whether South Dakota's opting out of federal exemptions provided under Bankruptcy Code Section 522(d) in favor of its own exemptions precludes a debtor from claiming other federal exemptions; 2) Whether the May, 1984, filing of a government land patent, which was originally issued to an unrelated remote grantor almost one hundred years earlier, constitutes a reissuing of a land patent thereby qualifying certain real property for exemptions provided by 43 U.S.C. § 175; 3) Whether the 1982 filing of certain fill-in-the-blank forms purporting to be government land patents qualifies certain real property for exemptions as pro-

vided by 43 U.S.C. § 175; and 4) Whether the City has sustained the burden of proving that the debtor has improperly claimed a homestead under Title 43 of the South Dakota Code at either the notice of lis pendens or petition date of filing.

## Law

### A. First Issue

As to the first issue, the Court finds that South Dakota's opting out of Section 522(d) exemptions in favor of its own exemptions does not preclude a debtor from claiming other federal exemptions and, therefore, holds that it may properly consider the debtor's federal homestead exemption claim.

South Dakota has opted out of the federal exemptions which are allowed under Section 522(d) in favor of its own exemptions. S.D.C.L. §§ 43-31-30 and 43-45-13.[3] *See also In re Stephenson,* 35 B.R. 69, 71 (Bkrtcy.D.S.D.1983).

Under the Bankruptcy Code, a debtor who has filed in a state which has not opted out has a choice of either the federal exemptions provided in Section 522(d) or that particular state's exemptions. 11 U.S.C. § 522(b)(1), (2). If the debtor opts for that state's exemptions, he or she is also entitled to federal exemptions other

---

**3.** S.D.C.L. §§ 43-31-30 and 43-45-13 read as follows:

In accordance with the provision of § 522(b) of the Bankruptcy Code of 1978 (11 U.S.C. § 522(b)), residents of this state are not entitled to the federal exemptions provided in § 522(d) of the Bankruptcy Code of 1978 (11 U.S.C. § 522(d)), exemptions which this state specifically does not authorize. Nothing herein affects the exemptions given to residents of this state by the state Constitution and the South Dakota statutes.

than those provided in Section 522(d). *Id.* *See also* H.R.Rep. No. 595, 95th Cong., 1st Sess. 360–61 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787; 3 *Collier on Bankruptcy* ¶ 522.09 at 522–44 (15th ed. 1985). Items which may be exempted include:

Foreign Service Retirement and Disability payments, 22 U.S.C. § 1104;

Social security payments, 42 U.S.C. § 407;

Injury or death compensation payments from war risk hazards, 42 U.S.C. § 1717;

Wages of fishermen, seamen, and apprentices, 46 U.S.C. § 601;

Civil service retirement benefits, 5 U.S.C. §§ 729, 2265;

Longshoremen's and Harbor Workers' Compensation Act death and disability benefits, 33 U.S.C. § 916;

Railroad Retirement Act annuities and pensions, 45 U.S.C. § 228(L);

Veterans benefits, 45 U.S.C. § 352(E); [*Ed. Note:* Correct citation is 38 U.S.C. § 770(6).];

Special pensions paid to winners of the Congressional Medal of Honor, 38 U.S.C. § 3101; and

Federal homestead lands on debts contracted before issuance of the patent, 43 U.S.C. § 175.

While less than artfully drafted, Section 522(b) does not itself preclude a debtor who has filed in a state which has opted out of Section 522(d) exemptions from claiming other federal exemptions. 11 U.S.C. § 522(b). Moreover, the South Dakota "opt out" statutes only specifically preclude Section 522(d) exemptions.[4] S.D.C.L. §§ 43–31–30 and 43–45–13. Also, any attempt to limit other federal exemptions may violate the Supremacy Clause. U.S. Const. art. I, § 8, cl. 4; U.S. Const. art. VI, cl. 2; *see Perez v. Campbell,* 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971).

Based on this, the Court finds that South Dakota's opting out of Section 522(d) exemptions in favor of its own exemptions does not preclude a debtor from claiming other federal exemptions and, therefore, holds that it may properly consider the debtor's federal homestead exemption claim.

### B. Second Issue

■ As to the second issue, the Court finds that the May, 1984, filing of a land patent, which was originally issued to a remote unrelated grantor almost one hundred years earlier, neither constitutes a reissuing of a land patent nor continuation of the protection as provided to the original patentee, and the Court, therefore, holds that, on this theory, this property is not exempt from the judgment lien under 43 U.S.C. § 175.

■ Under the 1862 Homestead Act, patentees may claim and receive from the government a grant not to exceed 160 acres in homestead land. 43 U.S.C. §§ 161–164. A federal land patent conveys fee simple ownership to the patentee. *In re Mauk,* 56 B.R. 445, 447 (Bkrtcy.N.D. Ohio 1985). As a general rule, the patent serves in the same capacity as a deed. *Id.* This property was exempt from certain debts under 43 U.S.C. § 175, which read as follows:

No land acquired under the provisions of the homestead laws and laws supplemental and amendatory thereof shall in any event become liable to the satisfaction of any debt contracted prior to the issuing of the patent therefor.

What this means is that Section 175 bars debts contracted by the patentee prior to the date of patent issuance. *Heran v. Elmore,* 157 N.W. 820 (S.D.1916); *Van Doren v. Miller,* 85 N.W. 187, 14 S.D. 264 (1901). *See also In re Mauk,* 56 B.R. at 445. However, except for Alaska, the Homestead Act was prospectively repealed effective October 21, 1976. *See* Pub.L. 94–579, Title VII, § 702; 90 Stat. 2787.

While less than clear, the debtor apparently contends that, because the land was originally patented and she followed certain procedures, including the filing of a

**4.** *See* n. 3.

copy of the patent in May, 1984, this constitutes either a reissuing of the patent or continuing protection of the property as provided to the original patentee.

In the instant case, the government issued the land patent to John E. Colton in 1886. Now, almost one hundred years later, the debtor desires its benefits based on her following certain procedures and her May, 1984, land patent filing. With respect to John E. Colton, the debtor may best be described as an unrelated remote grantee.

The debtor's argument is fraught with legal and analytical defects. It ignores completely that, prior to claiming this property as exempt from the City's judgment lien, the government must issue her a land patent as it did to John E. Colton in 1886. *See* 43 U.S.C. § 164. No authority was found as standing for the proposition that a refiling of an unrelated remote grantor's land patent almost one hundred years later constitutes a government patent grant. This borders on the ridiculous. This is simply because it is not Mr. Colton's debt which he contracted prior to 1886 but a debt incurred by the debtor and imposed on property owned by her in the 1980's. It also ignores that, except for those lucky Alaskans, the Homestead Act was repealed in 1976, which is almost six years before her alleged federal patent interest. Because the debtor lives in South Dakota, nothing more need be said on this point.

If the debtor intended by her argument that because a federal land patent was issued on this property all future judgments are void, then the Court need only note that the federal land patent only conveys fee simple ownership to the patentee and not a prospective all-encompassing 160-acre homestead exemption protection to remote grantees.

### C.   Third Issue

■ As to the third issue, the Court finds that the 1982 filing of certain fill-in-the-blank forms does not constitute government land patents under Title 43, and the Court, therefore, holds that, on this theory, this property is not exempt from the judgment lien under 43 U.S.C. § 175.

In the instant case, Mrs. Corbly filed what is essentially fill-in-the-blanks land patents in the Minnehaha recorder's office on August 30, 1982. The Court may only wonder where she found these forms. In any event, this theory suffers from the same legal defects as the 1984 land patent reissuing theory. It both completely ignores that the government must issue the land patents and the Homestead Act was repealed in 1976. Nothing more need be said on this issue.

### D.   Fourth Issue

As to the fourth issue, the Court finds that the City has failed to prove that the debtor had improperly claimed a homestead at the time of either the notice of lis pendens or petition filing and further finds that, because the debtor had a homestead interest on the property in question on the notice of lis pendens filing date, the subsequent judgment did not attach to the homestead property and, thus, it was not a pre-existing debt. The Court, therefore, holds that the debtor is entitled to claim the $8,350. as exempt.

■ The City, as the objecting party, has the burden of proving that the debtor is not entitled to the claimed homestead exemption. *In re Wood*, 8 B.R. 882, 885 (Bkrtcy. D.S.D.1981); Bankr.R.P. 4003(c).

South Dakota Constitution Article XXI, § 4, provides:

The right of the debtor to enjoy the comforts and necessaries of life shall be recognized by wholesome laws exempting from forced sale a homestead, the value of which shall be limited and defined by law, to all heads of families, and a reasonable amount of personal property, the kind and value of which to be fixed by general laws.

■ The homestead exemptions carrying out the foregoing provision are found in S.D.C.L. Ch. 43-31. *See Speck v. Anderson*, 318 N.W.2d 339 (S.D.1982). Under South Dakota law, a homestead, as defined

and limited in Chapter 43–31, is absolutely exempt, and proceeds up to $30,000 are also exempt for a period of one year. S.D. C.L. § 43–45–3. *See also In re Stephenson,* 35 B.R. 69 (Bkrtcy.D.S.D.1983). Homestead laws are liberally construed for the creation and protection of the family home. *Ramsey v. Lake County,* 14 N.W.2d 125, 126 (S.D.1944). *See also In re Wood,* 8 B.R. at 882. The underlying purpose is to "provide the security of a home to a family against the claims of creditors." *Speck,* 318 N.W.2d at 343. The exemption, however, only applies to debts incurred after its acquisition. S.D.C.L. § 43–31–1; *see also* 40 *CJS Homesteads* § 97, pp. 536–39.

■ Section 43–31–1 provides that a "family" may claim an exemption if it possesses the character of a homestead. S.D. C.L. § 43–31–1. "Family" under this section may consist of only one person, which includes a widow or widower. S.D.C.L. § 43–31–14. The most important factor for determining homestead character attachment is the debtor's intent. *In re Lemme,* 41 B.R. 829, 831 (Bkrtcy.D.S.D.1984), *citing as authority, Harter v. Davison,* 53 S.D. 399, 220 N.W. 862 (1928); *Aisenbrey v. Hensley,* 70 S.D. 294, 17 N.W.2d 267 (1945).

■ Homestead attachment must be determined on both the notice of lis pendens and petition filing dates. This is because the City's judgment arguably relates back to the date of the notice of lis pendens filing. *See* S.D.C.L. § 15–10–1, –3; *see also Hardin v. Hardin,* 33 S.D. 202, 145 N.W. 432 (1914); *Gilman v. Carpenter,* 115 N.W. 660 (S.D.1908). In the instant case, the debtor sold her interest in the property to a co-owner family member after the notice of lis pendens filing and repurchased an interest before the judgment was either issued or imposed on the property. Without a homestead interest on the date of notice of lis pendens filing, the City's judgment lien may otherwise constitute a pre-homestead acquisition debt against the property. *See Id.; see also* S.D.C.L. § 43–31–1.

■ The City essentially contends that the debtor's ownership interest, her nursing home occupancy, and the multiple property transfers clearly prove that the debtor has improperly claimed a homestead exemption under South Dakota law. The City's argument that the debtor may not properly claim a homestead interest in property that she owns with other family members as either joint tenants or tenants in common is without merit. It is axiomatic that, under South Dakota law, either a joint tenant or tenant in common may properly claim a homestead interest. *Oswald v. McCauley,* 6 Dak. 289, 42 N.W. 769 (S.D. 1889); *see also In re Wood,* 8 B.R. 882 (Bkrtcy.D.S.D.1981) (debtors who held the property only by license were entitled to a homestead exemption).

■ The City's contention that the debtor may not properly claim a homestead interest because of her nursing home occupancy at the time of filing is without merit. Under South Dakota law, mere absence from her home due to health reasons, even for a long period of time, is not itself sufficient to establish that the debtor has never acquired a homestead or has subsequently abandoned it. *Gerhart v. Quirk,* 50 S.D. 269, 209 N.W. 544, 545 (1926) (a debtor's estate was allowed to claim the homestead exemption on behalf of a debtor who, for mental health reasons, resided elsewhere for many years prior to his death). *See also Warner v. Hopkins,* 42 S.D. 613, 176 N.W. 746 (1920); *Yellow-Hair v. Pratt,* 41 S.D. 190, 169 N.W. 515 (1918). No other proof was offered to show that the debtor did not intend to return to her home.

■ The City's argument that the debtor may not properly claim a homestead interest because the multiple property transfers show that the debtor did not intend this as her home is also without merit. As said before, the debtor had either a joint tenancy or tenancy in common property interest on the dates in question. Moreover, she had owned an interest in the property both before the legal trouble with the City began and over two years before

she filed for relief under Chapter 7 of the Bankruptcy Code. Although during the period between the notice of lis pendens and the petition filing the debtor twice sold and repurchased an interest in the property, no case or statutory law was offered or found precluding the debtor from again claiming a homestead as she did by affidavit in September, 1982.

In the instant case, the debtor's $8,350 claim is well within the $30,000 limitation. *See* S.D.C.L. § 43–45–3. Based on this, the Court finds that the City has failed to prove that the debtor had improperly claimed a homestead at the time of either the notice of lis pendens or petition filing and further finds that, because the debtor had a homestead interest on the property in question on the notice of lis pendens filing date, the subsequent judgment did not attach to the homestead property and, thus, it was not a pre-existing debt. The Court, therefore, holds that the debtor is entitled to claim the $8,350 as exempt.

Accordingly, based on the foregoing, this Memorandum Decision constitutes the Court's Findings of Fact and Conclusions of Law pursuant to Bankr.R.P. 7052 and 9014 and F.R.Civ.P. 52. Counsel for the debtor is directed to submit an appropriate order in accordance with Bankr.R.P. 9021.